DANVILLE *vs.* PUTNEY.

*A person committed to jail from another town and relieved by the town in which the jail is situate, is within the eleventh section of the act providing for the poor, and no order of removal is necessary.*

*The action for his support may be by a count for money laid out and expended, without declaring on the statute.*

This was an action of *assumpsit* in two counts. The first count was special, setting up in substance that one Church, a transient person, was confined in jail in Danville, and was poor and unable to support himself, and being in need of relief and was there supported by the overseer of the poor of Danville at the charge of the town eight months, which expense amounted to sixty dollars, which Church was wholly unable to pay—that his legal settlement was in Putney, whose overseer was duly informed that said expenditures had accrued, whereby the defendants were liable to pay, and in consideration thereof promised to pay the same. The second count was general for sixty dollars money laid out and expended. Plea, *non-assumpsit.*

On the trial, the plaintiffs produced testimony to prove the confinement of Church in prison on attachment and execution : his poverty—the application for relief, and the amount furnished, and the demand thereof in writing of Putney. They then offered the deposition of Susannah Church, duly taken, to prove the settlement in Putney ; to the admission of which, the defendants' counsel objected ; but the same was admitted by the court. After verdict for the plaintiffs, the defendants filed a motion in arrest for the insufficiency of the declaration ; which motion was overruled by the court, and judgment rendered for the plaintiffs. To which decisions, admitting said deposition and overruling said motion in arrest, exceptions were filed for the defendants, on which the cause came to this court.

*Paddock, for defendant,* insisted—

It is universally admitted, that while every person possessing the means, is morally bound to relieve the poor from their distresses, yet corporations and bodies politic are bound only by legislative enactment.

It is a rule in construing all statutes, that one part must be construed by another, so that the whole may, if possible, be consistent with its parts.—1 Bl. Com. 89. Applying this rule, inasmuch as the 3d section of the act defining a legal set-

tlement of, and providing for the poor, also provides how the legal settlement of a pauper shall be proved and determined : the same method of proving and determining ought to be resorted to and adopted in every case which may arise under any section of the act.

Without applying this rule, it must be obvious to every legalist, that the 2d, 3d, 4th, 5th, 6th, 7th, 8th and 11th sections of this act, treat of one subject, and are component parts of an entire system, by which the object of the legislature, as expressed in the second section, should be carried into effect. And as a step-stone to any recovery, the third section directs the method how it shall be ascertained where the legal settlement of a pauper is; *to wit, by the examination and adjudication of two justices of the peace,* giving power to make an order of removal, and to carry their doings into effect, if necessary, by issuing their warrant of removal to an officer authorized to execute it. And farther, directing such officer to leave with the overseer of the poor of the town to which he is directed to remove the pauper, an attested copy of his warrant.

It was found, however, that this section did not sufficiently guard the rights of the town in which the justices found the pauper had his settlement; for a term of the court might intervene between the making of the order and the removal, and the right of appeal be lost in consequence; to remedy which, the 3d section of 1817 gives the right of appeal to the next term of the court, after notice of the order shall be given them. And farther, to prevent a heavy bill of expense accruing between the order and the removal, the 5th section of the same act directs, that an attested copy of the order of removal shall be delivered to the adverse town, within thirty days from the making of the same.

This 5th section is an important provision for a defendant town; for it puts it beyond the power of any town to keep them in ignorance for a period beyond thirty days, that a heavy bill of cost is accumulating against them. It provides a remedy against just such a case as the present. Here the plaintiffs charge that Rinslow Church was confined in jail the 20th of August, 1832, and on the 10th of February, 1833, they notified Putney of the fact, and demanded payment.

The word *stranger*, in the 4th section, and *transient person* in the 11th, are synonymous; and the one might be used with-

CALEDONIA,
March,
1834.
────
Danville,
vs.
Putney.

equal propriety in either section, as the other. The words
"*such stranger*," in the 4th section, have reference to " any
stranger," mentioned in the first paragraph of the 3d section,
" who shall have come to reside," &c. "and have become
chargeable," &c. "*Any stranger person*," named in the 11th
section, does not mean one who has located himself with a de-
sign of permanent residence ; but through necessity.

Where is the necessity or propriety of making any distinc-
tion in the mode of determining the place of residence of one
described in the 11th section, from that of the 3d? There can
be none assigned ; and I think there is a very strong reason
why the same tribunal should determine in both cases ; and the
present suit is a happy illustration of it ; and had a court of in-
quiry been held, the town of Putney would have had notice of
it in thirty days thereafter ; and according to the settled law of
the state, (*Londonderry* vs. *Windham*, 2 Vt. R. 149,) no re-
covery could be had for expenses accruing prior to the order of
removal ; and then if Putney had chosen, could have dischar-
ged the claim of Danville by paying thirty days board ; where-
as, they had no notice until the 10th of February following, a
period of six months after the commitment of the pauper.

If the construction contended for by the defendant be adopt-
ed, it imposes no burthen on the town where the pauper is sick
or confined, which they do not recover for, and insures notice
back within the thirty days ; but if a town may bring their suit
and recover without a court of inquiry, then a pauper might be
sick or imprisoned for years before the town bound to support
him could have knowledge of it.

If the question raised in this case has ever been decided in
this state, it has never been reported. In *Pawlet* vs. *Rutland*,
(Bray. 176,) the only point made was, the declaration did not
allege that the person provided for, was poor and unable to re-
spond.

The point litigated in *Middlebury* vs. *Hubbardton*, was up-
on the *form* of action only.—Chip. 205.

In *Burlington* vs. *Calais*, (1 Vt. R. 385,) every sort of
thing was agitated and decided, except whether it was necessa-
ry to have a court of inquiry and order of removal.

If the defendant be correct in the view thus taken of the
statute, and the construction necessary to be put upon it, it
follows that the deposition of Susannah Church ought not to
have been admitted in evidence to the jury.

CALEDONIA,
*March*,
1834.

Danville
*vs.*
Putney.

The first reason offered for arresting the judgment, has already been considered.

It is well settled, that courts will not *ex officio* take notice of private acts of the legislature; therefore, such parts of them as may be material to the action or defence, must be pleaded.— 1 Bl. Com. 86. But it is otherwise with public statutes; but then, the attention of the court must be directed to the statute, otherwise, the claim will be considered as of common law right; and the slightest reference which is sanctioned by the rules of pleading is, *contra formam statuti.*—1 Chit. 217 and 358.—1 Ld. Raymond, 382.—1 Saund. 334.—Or, "by virtue of the statute in such case made and provided, an action hath accrued," &c.—1 East. 338, *Lee* vs. *Clarke.*—7 East. 516, *Clarrivarde* vs. *Storkes.*

*Davis for plaintiff.*

This case is assumpsit to recover expenditures made by Danville, in boarding and relieving one Rinslow Church, while in jail in said town on civil execution. It is founded upon the 11th section of the settlement act, and claims to recover of Putney, Church being poor, as the last place of legal settlement of said Church. On trial defendants' counsel objected to the introduction of Nancy Church's deposition, made a part of this case offered by plaintiffs, to prove the *fact* of settlement in Putney, contending that the only competent evidence to prove such fact would be the records of an examination and order of removal made by two justices, in pursuance of the provisions of the 3d section of the same act. The case of a person confined in jail and in consequence unable to provide for his support while so confined, and obliged to apply for relief to the town where the jail is situated, is not particularly provided for by statute; but it has been fully settled by repeated decisions, that the provisions of the 11th section apply to such case.—Brayton R. 175, *Pawlet* vs. *Rutland*; do. 179, *Holmes* vs. *St. Albans*; 1 Vt. R. 385, *Burlington* vs. *Calais.*

This section enacts, that when any transient person shall suddenly be taken sick or lame, or *otherwise disabled and confined at any house*, &c. the person at whose house he may be confined, shall sustain the expense, until he can represent such transient person's situation to the overseers of the poor, who are obliged to provide and may recover their expenditures of

CALEDONIA,
March,
1834.
---
Danville
vs.
Putney.

his relatives, if of sufficient ability, or of the town or place of such person's legal settlement. In every action, therefore, of this kind, the fact that the defendant's town is the place of legal settlement is material and must be proved. There can be no ground for saying that there is any difference as to the mode of proof between a case like this and any other case under the 11th section. The whole question is then reduced simply to this inquiry, is there any thing in that section or elsewhere, making it necessary in every case arising under it to ascertain that fact, in the manner indicated by defendant's counsel? Not a syllable. The statute is entirely silent, and I presume this is the first occasion on which it has been supposed, that a recovery under this branch of the act, must, as in a suit under the 3d section, be preceded by an examination and order of removal. The cases are plainly distinct. In one a stranger is supposed to have come to reside in a town, other than that in which his settlement is, and to have become or to be in danger of becoming chargeable, and provides a particular mode of effecting a transfer of such stranger to the place where he belongs, giving a right of appeal to the county court from the primary ex parte proceeding at first directed, and thus bringing the question of the true place of settlement before the courts, to be determined, precisely as that fact was on trial of this case, and must in all cases be proved, by the production of evidence suited to the subject. In the other, a transient person is supposed to be for a temporary purpose in any town, and there to be suddenly disabled from returning to his place of residence, and in consequence of sickness or confinement, to be obliged to ask relief and then makes it the duty of such town to furnish it, and gives a remedy therefor against the town where his settlement is. No removal is contemplated, for none is supposed to be necessary. The call for public charity is considered accidental and temporary, and is expected to cease with the cause that produced it. An examination and order of removal, in such case, is not only altogether unauthorized, but would be oppressive and vexatious, and in the case of a prisoner in jail, by virtue of legal process, would be as absurd as ineffectual. All that can be necessary to entitle a town to recover under the 11th section, is to state a case fully within its provisions and then to prove what is stated. It is entirely unnecessary here to make a demand fifteen days before suit is brought, although the general practice is otherwise

and in *Burlington* vs. *Calais*, it was made a distinct point, whether it was sufficiently evinced by the acknowledgement of an agent to that effect.

CALEDONIA,
March,
1834.

Danville
*vs.*
Putney.

In the two cases cited similar to the present, the fact of settlement was of course in controversy, and in the last, *Burlington* vs. *Calais*, a long and minute investigation of facts was had to determine. it. No one concerned seemed then to have suspected that the parties should have gone through with a law suit previously, for no other purpose than to have settled one material to the issue, so as to shorten the inquiry in this case.

I apprehend that this double process to ascertain whether Putney was liable in this instance, would not be altogether a matter of much convenience. If the inquiry and examination of two justices even of the town of Danville, were to settle the fact without any knowledge or right of appeal on the part of Putney, it would truly be a hard case, inasmuch as the latter would then be concluded in a matter closely affecting their interests, and by the adjudication of persons in the opposite interest, and without an opportunity to be heard.

If the counsel do not take this ground, they must assume that they have an appeal as provided for in the 6th section—that there must be a regular order of removal, to be followed I suppose by a removal in fact, in spite of the detention in jail by order of law, and in short the whole routine of an ordinary pauper cause gone through with—thus overthrowing one law in carrying another into effect—removing a man as a pauper who is no pauper at all, and all this for the valuable purpose of turning one single fact into matter of record, so that the parties could avail themselves of it in that form, in an after proceeding which is to determine all that is really in controversy between them.—See 1 D. Ch. R. 205, *Middlebury* vs. *Hubbardton*, where the late C. J. Chipman clearly and concisely states the distinction between cases arising under the 3d and 4th, and those arising under the 11th section.

The opinion of the court was delivered by

COLLAMER, J.—The first question arising in this case is, whether a poor person confined in jail on execution, brought and committed from a neighboring town, is a *transient* person, within the meaning of the 11th section of the act providing for the maintenance of the poor.

CALEDONIA,
*March*,
1834.

Danville
*vs.*
Putney.

The statute is an entire system within itself; and poor persons who become chargeable and are relieved by a town where they have not legal settlement, are either persons " *coming to reside* " within the 3d and 4th sections, or " *transient persons* " within the 11th section.

It cannot be said he has come to reside, when imprisoned by force of law. The time which should transpire under such imprisonment could not be counted as so much time of residence towards gaining a settlement. The word *transient* in this statute, is not to be taken literally, but as contradistinguished from and including all but those who have "*come to reside*." This has been decided.

The next question is, in such cases, is an order of removal necessary? By the very terms of the statute, the order of removal is confined to persons " who shall have come to reside."

In relation to the motion in arrest for the insufficiency of the declaration, the only defect of which complaint is made, is, that it is not declared to be upon the statute. A general statute need never be declared on, except in criminal or penal cases. The first count avers all things required by the 11th section, and thus stating the liability, thereupon raises the assumpsit, without setting up or expressly declaring on the statute. This is sufficient and the usual course on the fourth section and on the statute for betterments.

But the statute expressly provides in this 11th section, that the recovery may be " *by an action for money laid out and expended.*" Such is the second count, which is sufficient. The case *Middlebury* vs. *Hubbardton*, (Chip. Rep. 205,) was not an action on this section, and what is there said on this subject is extra-judicial. The statute is too clear and explicit to be explained away. Even in a penal case, where the statute gives the form, the court requires no more.—*Hubbell* vs. *Gale*, 3 Vt. Rep. 266.

Judgment affirmed.