## HORATIO N. GOODELL *v.* TOWN OF MOUNT HOLLY.

*Pauper.    Transient Person.    Gen. Sts. c. 20, s. 13.*

The liability of a town under s. 13, c. 20, Gen. Sts., for the support of a transient person suddenly taken sick, &c., depends, not on such person's settlement, nor on his transiency as distinguished from the permanency of "having come to reside," but, as to that, only on his being confined by disability at some house that is not his home. Thus ; in an action for such support, it appeared that a woman whose husband was poor, and had resided in defendant town for ten years or more, and was then living therein in a house that he had hired, was taken sick in said town at the house of the plaintiff, who was the husband of such woman's aunt. Her husband was also soon after taken sick and confined at the same house. The wife was so sick for more than a month that she could not be removed without endangering her life. Both husband and wife were there relieved and supported by plaintiff. *Held*, that husband and wife were transient persons within the meaning of the statute, and that plaintiff could recover the expense incurred by him in their support after proper notice to defendant's overseer of the poor.

THIS was a case brought to recover for the support of alleged transient paupers. The case was referred, and the referees reported the following facts :

On March 19, 1877, the wife of Rodolphus Briggs, who was also a niece of the plaintiff's wife, was taken sick at the plaintiff's house in the defendant town. On the 21st, the plaintiff notified Charles Tucker, one of the selectmen and overseers of the poor of defendant town, of her condition, and that the overseers must remove her from his house or pay for her keeping. In the afternoon of that day Tucker and Frederick Parmenter, who were a majority of the overseers of the poor of said town, called at the

plaintiff's house and examined into her condition. They asked Briggs, who was present, if he needed help from the town, and he replied that he did. They then asked the plaintiff how much he should ask the town for keeping her at his house and caring for her during her sickness, and the plaintiff refused to set a price, but replied that it would not be more than $10 per day. They refused to consider such proposition, but offered the plaintiff $2 per day, which he refused, and they left on an understanding that they should return the next day with Dr. Crowley, the town's regular physician, and further consider the matter. By noon of the next day she was so much worse that she was thought to be dying, and a physician was called. The overseers were unable to procure Dr. Crowley's attendance on that day, but on the forenoon of the next day they called with him at the plaintiff's and saw Mrs. Briggs, but the plaintiff was not at home, and nothing further took place between them and him in reference to the matter. On the same day—the 23d—Briggs himself was taken sick at the plaintiff's and remained there ill for two or three weeks, and the plaintiff again notified the overseers, but they paid no further attention to the matter. Mrs. Briggs remained so ill that it was impossible to remove her from the plaintiff's without endangering her life, from the time she was taken ill to April 30, 1877, when she was removed to her husband's. The plaintiff furnished nurses and boarded them, and cared for Briggs and his wife during the time they were at his house, and boarded him and his three children, and suffered damage to his house and furniture. After Mrs. Briggs returned to her husband's the defendant furnished some aid to the family. The plaintiff offered no evidence as to whether Briggs and his family had any settlement in any town in the State, or whether they were transient persons, and there was no evidence on that subject, except the testimony of Briggs, who was called by the defendant and testified that he was thirty-one years old, and was born in the town of Weston; that his father had lived in defendant town for over twenty years; that he went into the army from the defendant town, and had lived there ever since he came back from the army; that he had been married ten years and had lived all that time in the defendant town with his family.

It appeared that he was poor, and that at the time his wife was taken sick he lived in a house that he had hired in the defendant town.

The plaintiff claimed to recover under section 13, c. 20, Gen. Sts., and also by reason of what took place between him and the defendant's overseers of the poor. The referees found the sum of $108.50 to be a reasonable compensation for what the plaintiff furnished and for the damage he had suffered; and that if he was entitled to recover on either of those grounds, he should recover that sum with interest from April 30, 1877.

At the September Term, 1878, the court, DUNTON, J., presiding, rendered judgment, *pro forma*, on the report for the plaintiff; to which the defendant excepted.

*Prout* and *Walker* for the defendant.

That section of the statute that is relied on applies only to transient poor in need of relief. That term is defined in *Middlebury* v. *Waltham*, 6 Vt. 200, and *Macoon* v. *Berlin*, 49 Vt. 13. These persons were not "on their way through" the defendant town. Briggs had lived there over twenty years; and it is not pretended that either he or his wife had a settlement in or intended to remove to any other town.

The town never entered into any contract with the plaintiff, nor promised to pay for relief. There was nothing amounting to a request for relief, and nothing amounting to an express promise to pay for it. In the absence of a finding of one or the other, the town is not liable. *Aldrich* v. *Londonderry*, 5 Vt. 441; *Castleton* v. *Miner*, 8 Vt. 209; *Houghton* v. *Danville*, 10 Vt. 537; *Churchill* v. *West Fairlee*, 17 Vt. 447; *Chelsea* v. *Washington*, 48 Vt. 610; *Macoon* v. *Berlin*, 49 Vt. 13. An implied admission of the statute liability, if the finding amounts to that, does not aid the plaintiff.

*D. E. Nicholson*, for the plaintiff, cited *Wolcott* v. *Wolcott*, 19 Vt. 37; *Charleston* v. *Lunenburgh*, 23 Vt. 525; *Howe* v. *Royalton*, 32 Vt. 415; *Blodgett* v. *Lowell*, 33 Vt. 174; *Worcester* v. *Ballard*, 38 Vt. 60; *Macoon* v. *Berlin*, 49 Vt. 13.

54

The opinion of the court was delivered by

BARRETT, J.   No exception. was taken to the report in the County Court on the score that the sum assessed by the referees embraced subjects not recoverable within section 13, c. 20, Gen. Sts.   The only question to be determined by this court is, whether the town is liable in this case under said section of the statute.

It is to be noticed that this is not a case between two towns, as are most of the reported cases, involving the right of one town to recover against another in which the poor person had a settlement.   It is the duty of each town to support, or provide relief for all persons designated by the statute as entitled to relief or support, according to the provisions of statute.   In some cases the town may. have remedy against some other town, as in case relief or support is furnished to a person chargeable to such other town.   In other cases such relief or support must be at the expense of the town made liable for it in the first instance.   Section 13, c. 20, makes provision for the cases therein named.   If the person ·thus confined at any house has a settlement in another town, the statute makes provision for recovering of it the expense incurred by the town furnishing the relief.   But it is the duty of the town where the person is thus confined, to furnish the relief, whether any other town may be made liable for it or not.   Very often, as to the relative rights and liabilities of towns under the statute, the question is raised, whether a person is *transient,* as contradistinguished from *having come to reside*,—as in the latter case an order of removal is necessary in order to entitle the claiming town to have pay out of the town where the person relieved has a legal settlement.   But, as between the person at whose house the disabled person is confined, and the town in which he is confined, no question of where the disabled person has legal settlement is involved.   *Transient*, in section 13, is not set over against *having come to reside.*   But it is used in the sense of being away from home, and disabled, and thereby confined at the house of some one whose house is not such person's home.   The report shows that Mrs. Briggs was disabled away from home, and at the house of the plaintiff, and that Mr. Briggs was afterwards so disabled, and both his wife and himself were thereby confined

at the house of the plaintiff. It shows that the overseer was called on and notified, as provided by section 13. Thereby the town would become charged with liability to the plaintiff, if it should neglect to provide for support. The town did neglect.

This case does not make the liability of the town to depend on contract, or on place of settlement of the person supported. It does not depend on the question of transient, as against having come to reside. It depends only on the disabled person being confined at the plaintiff's house, and relief and support having been furnished, after notice to the overseer, as provided in section 13.

If the plaintiff and the overseer had entered into a contract, that would govern as to the rights of the plaintiff. But as they did not contract, the town is subject to the liability imposed by the statute. The views thus presented are in no conflict with anything decided in the other cases, nor in conflict with what has been said in the opinions printed in the reports, when construed with reference, and in application, to the real case in hand, unless, perhaps, some things said in the opinion in *Macoon* v. *Berlin*, 49 Vt. 13. That case stood upon the facts stated in the opinion, viz : " She was not away from her place of abode, on her passage through the town, and suddenly and by some casualty or misfortune confined to the house of the plaintiff. She went to the town of Berlin to reside with the plaintiff because she chose to reside there rather than elsewhere. She had resided there with the plaintiff three years anterior to the time during which the plaintiff seeks to recover for her support in this action." By the statement of the case, it does not appear that she was confined to plaintiff's house at all, within the meaning of section 13, but the contrary. Of course, then, the town was under no liability to the plaintiff. The case was not within that section of the statute. It occurs to remark that said section 13 does not use the word, *pauper*, or *transient pauper*, but *transient person*, and the *status*, or condition, of the person is defined in the section as being " in need of relief." If transient, in need of relief by being suddenly taken sick or lame, or otherwise disabled, and confined at *any* house, in *any* town, that person is the one meant by that section, who is to be relieved and supported as provided in said section.

Between the *case decided* of *Macoon* v. *Berlin*, and the decision we are to make in this case, there is no conflict. Further remark as to that case is not needful.

It may be remarked as to the cases cited to the effect that the town cannot be charged upon an implied promise, that they all are cases in which the statute did not charge the liability by its own force and terms, without regard to promise. The case of *Aldrich* v. *Londonderry*, 5 Vt. 441, is a sample. In *Chelsea* v. *Washington*, 48 Vt. 610, the distinctions are well marked.

*Judgment affirmed.*