FAYETTE COUNTY v. BREMER COUNTY.

1. **Residence**: CHANGE OF: INSANE PAUPER. An insane and helpless pauper, who was removed from the county of her residence to another county that she might be continued in charge of the persons who had previously cared for her, and who was supported by the former county for a year after her removal, it was held did not acquire a settlement in the county to which she was taken, nor lose her residence in the former county.

*Appeal from Floyd Circuit Court.*

TUESDAY, JUNE 21.

PLAINTIFF brought this action to recover for money expended in the support of a pauper alleged to have a settlement in Bremer county. The case was tried to the court without a jury and a judgment was rendered for defendant. Plaintiff appeals. The facts of the case appear in the opinion.

*Ainsworth & Hobson*, for appellant.

*Gibson & Dawson*, for appellee.

BECK, J.—I. The petition alleges that one Lucy Mix, a resident of Bremer county, was a pauper and provided for as

1. RESIDENCE: change of: insane pauper.

such; that the township trustees with the knowledge of the board of supervisors caused her to be removed to Fayette county, where she was supported for more than a year by Bremer county, all of which was fraudulently concealed from plaintiff; that the defendant was notified that application for her support had been made to plaintiff, and the pauper was warned by plaintiff as provided by law to depart from Fayette county, and that in order to prevent her from suffering the plaintiff had provided for her support, the cost whereof this action is prosecuted to recover. The answer admits that Lucy Mix had been supported as a pauper for four or five years before she was taken to Fayette

county and for more than a year afterwards. Other allegations of the petition are denied.

The Circuit Court found the following facts, viz: "Lucy Mix is a pauper, and for four or five years prior to the year 1876 was a resident of Bremer county, and a charge upon that county. She lived with James Eastman and wife, her brother-in-law and sister, and had lived with them about eight to ten years. About the first of March, A. D. 1876, James Eastman rented a farm in Banks township, Fayette county, and was about to remove on this farm from the farm occupied by him in Sumner township, Bremer county, but before doing so he called upon some of the trustees of Sumner township, Bremer county, in regard to the support of Lucy by Bremer county, in case he should take her with him to Fayette county, and was informed by the trustees of Sumner township, in substance, that as Bremer county had no poor farm, they knew of no reason why Bremer county would not be willing to support Lucy in Fayette county, and advised him to take Lucy along until it was ascertained what Bremer county would do in the matter.

"James Eastman thereupon took Lucy along with him into Banks township, Fayette county, and Lucy was supported for a little over a year by Bremer county, while she lived in Banks township.

"Neither the board of supervisors nor the trustees of Banks township, Fayette county, knew of the removal of Lucy from Bremer to Fayette county until after she had lived in Fayette county one year. After Lucy had lived in Fayette county one year, Bremer county refused to furnish her support, and thereupon application was made in her behalf to the trustees of Banks township, Fayette county, for support, and Fayette county furnished support for Lucy, as charged in the petition.

"Lucy was a cripple and pauper, and has been insane for the past four or five years, and required support. She had no relatives other than James Eastman and wife in this State,

and their pecuniary circumstances did not enable them to support her at their expense.

"The support furnished by plaintiff to Lucy was reasonable, necessary, and proper. On the eighteenth day of April, 1877, the plaintiff, by its county auditor, notified the defendant in writing, by postal card, that Lucy Mix, an invalid pauper of Bremer county, had applied for relief in Fayette county, and that Bremer county would be held responsible for her care and support. In answer to this notice defendant notified plaintiff by letter dated April, 1877, that Lucy Mix was not a resident of Bremer county, but was a resident of Fayette county, and that Bremer county was not liable for her support.

"The allegations of fraud in the petition are not sustained by the evidence. The defendant did not procure the removal of Lucy to Fayette county."

II. Upon these facts the court below reached the conclusion that the pauper gained a settlement in Fayette county, which thereby became liable for her support.

The court below found in addition to the facts set out above that the pauper "resided in Fayette county for more than a year without notice to defendant."

We are required to determine whether the "residence" of the pauper, under the circumstances set out in the court's findings, gained for her a settlement in Fayette county.

It is not denied that the pauper had a settlement in Bremer county. "A settlement once acquired continues until it is lost by acquiring a new one." Code, § 1353. The testimony clearly shows that the pauper did not, of her own will, seek a residence in Fayette county, and that she was incapable of entertaining an intention to acquire a settlement there.

The court finds that at the time she was removed to Fayette county she was a "cripple" and insane. The evidence further shows and the court may well have found that she was helpless from a time long before her removal, and

that she continued helpless and insane during her residence in Fayette county.

III. Can an insane pauper gain a settlement by being removed to another county and there supported by the county wherein she has a settlement?

1. We conclude that, on account of her insanity and helplessness, the pauper did not voluntarily change her place of residence. She was a passive subject and exercised no volition. In this condition she was incapable of acquiring a settlement. The following authorities sustain this conclusion: *Washington Co. v. Mahaska Co.*, 47 Iowa, 57; *Town of Freeport v. Board of Supervisors*, 41 Ill., 495; *Danville v. Putney*, 6 Vt., 512; *Woodstock v. Hartland*, 21 Vt., 563.

2. The pauper was taken from Bremer county to Fayette not with the purpose of changing her settlement, but that the first named county might continue her in the charge of the same persons who had for years kept her. She was indeed sent to Fayette county for her support to be paid for by Bremer county. Her condition, as to settlement, remained just as it would be in the case she had been sent to a hospital. Surely an insane pauper cannot acquire a settlement in the county wherein the hospital is located to which he may be sent. We have so held in *Washington Co. v. Mahaska Co.*, 47 Iowa, 57.

The rule recognized by the court below, if sanctioned by us, would lead to abuses and injustice. Under it insane and helpless paupers could be secretly transported by counties charged with their support and other counties would become liable therefor.

The judgment of the Circuit Court is reversed, and the cause is remanded for a judgment in harmony with this opinion.

REVERSED.