THE COUNTY OF CERRO GORDO v. THE COUNTY OF HANCOCK.

1. **Residence**: FACTS ESTABLISHING; COUNTY. Where one H., a foreigner, without parents or home, kept her trunk and clothes at the house of her brother in a certain county, and seemed to regard it as a home, going out at various times to work in another county, but when sick or out of employment returning to her brother's house, it was held that such county was the county of her residence.

*Appeal from Hancock Circuit Court.*

WEDNESDAY, APRIL 19.

THE plaintiff claims of the defendant $163 expended for the relief of one Inger Hanson, a pauper, alleging that the said pauper was a resident of Hancock county, and that the defendant was liable for her support. The cause was tried to the court, and judgment was rendered for the plaintiff as claimed. The defendant appeals.

*H. H. Bush*, for the appellant.

*Miller & Cliggett*, for the appellee.

DAY, J.—The cause is submitted simply upon the facts and legal conclusions found by the court, which are as follows:

1. RESIDENCE: facts establishing: county. "Inger Hanson, the pauper for whose support this action is brought, was born in Norway and is now 24 years old and single. She came to Green Meadow, Minnesota, about four years ago, and remained there with her uncle about seven weeks. From there she

came to Osage, in Mitchell county, in this State, with her brother's wife and remained there about one week, visiting her cousin.

From there she came to Clear Lake, Cerro Gordo county, and worked for a Mr. Reed about seventeen weeks; this was about the last of September.

Inger came from Norway alone, leaving her parents there. At the time she arrived in Minnesota one of her brothers lived in Minnesota and another in Mitchell county. At the time she came to Clear Lake her younger brother had moved into Cerro Gordo county and was living near Clear Lake, and soon afterwards, in April, 1878, the other brother moved into Hancock county.

While working for Mr. Reed, Inger became sick and went to her brother's, living near Clear Lake, and remained there six or seven weeks.

After this time Inger went to work for Mr. Lindon, at Clear Lake, and worked there about six weeks; this was in the spring of 1878. From there she went to her brother's in Hancock county, taking her trunk and clothing with her, and remained with him two or three weeks. From there she came back to Clear Lake and worked for Mr. Rawley for about five weeks, leaving her trunk with her brother in Hancock county. From there she went to her brother's again and remained for about two weeks. She then went to work for Mr. Perry, at Clear Lake, and remained there about four weeks; became sick and went back to her brother's in Hancock county, and stayed there one or two weeks.

She then went to work for Dr. Charlton, at Clear Lake, and remained there about four weeks, and becoming sick again she went to Mitchell county to see a doctor and remained there five months. At the time of going there she intended to remain until she got well. And if she did not get well, to go to her brother's in Hancock county; and if she got well to go to work again.

After remaining at St. Ansgar five months her brother

brought her back to his place in Hancock county, sick abed,. where she remained about ten months, until the early part of November, 1879.

In the early part of November she went to attend church with her brother, at Clear Lake; became sick again, while at church, so that she could not go back with her brother; was taken to Mrs. Jurgeson's and remained there until October 22d, 1880, when she was taken to the poor house of plaintiff, where she now is.

At the time of attending church at Clear Lake with her brother, she intended to return to her brother's house the next day, and while at Mrs. Jurgeson's she was sick and did not work, and in the fall of 1880 her brother would not take her back to his house, saying his wife could not take care of her.

In the spring of 1878 the brother that had been living near Clear Lake moved into Hancock county, and both brothers have lived in that county since that time.

Inger, at the times she went to her brother's in Hancock county, was sick and did very little work while there, and intended to go to work again at Clear Lake as soon as she got well enough to do so. She was not acquainted in Hancock county and did not try to get work there. Her trunk and clothes remained with her brother in Hancock county, and she was not required to pay for her support while staying with him.

The plaintiff was called on to furnish medical aid and board, and care for Inger in January, 1880, and furnished the same to and including September, 1880, to the amount of $163.00. On the trial the defendant does not controvert the amount of plaintiff's claim but controverts the defendant's liability for any support or aid furnished Inger.

The defendant admits that plaintiff's claim was presented to defendant, and payment refused by defendant, before the commencement of this suit. There is only one question presented by the record for the determination of this case, and

that is, did Inger acquire a residence or settlement in defendant's county, so as to make it liable for the aid and support furnished by plaintiff? It is found that she did, and hence plaintiff is entitled to recover the amount claimed.

The judgment of the court, upon the facts found, is, we think, correct. From the time Inger Hanson took her trunk and clothes to her brother's in Hancock county, in the spring of 1878, she seemed to have regarded his house as her home. At various times she went out from this home to work, as one might go from the home of a parent, but when sickness or lack of employment required her to quit labor, she returned to the house of her brother in Hancock county. She had no other place during this time which could in any sense be called a home. For the ten monthes preceding November, 1879, she lived constantly with her brother in Hancock county. When she left there in November 1879, it was only for a tempory purpose, and with the intention of returning at once, which she was prevented from doing by a sudden attack of sickness. From that time her remaining out of the county of Hancock was involuntary and did not affect the previously acquired settlement. See *Washington County v. Manhaska County*, 47 Iowa, 57; *Fayette County v. Bremer County*, 56 Iowa, 516.

AFFIRMED.