CITY OF MONTPELIER *v.* TOWN OF EAST MONTPELIER.

November Term, 1919.

Present:  WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 7, 1920.

*Paupers—Necessity of Notice Showing That Person Aided Was
    Poor.*

1.  To entitle one to public aid under G. L. 4219, he must not only
    be a poor person, but he must also be in need of assistance.
2.  For one town to recover of another for aid furnished a pauper
    under G. L. 4219, the notice required by G. L. 4220 must state
    not only that the person aided was in need of assistance but
    also that he was a poor person.

ACTION OF CONTRACT to recover for aid furnished a poor
person under G. L. 4219.  Trial by the Montpelier City Court,
Washington County, *Erwin M. Harvey,* Judge.  Judgment was
rendered for the defendant on the ground that the notice given,
as provided by G. L. 4220, was insufficient.  The plaintiff ex-
cepted.

*George L. Hunt* for the plaintiff.

*Fred L. Laird* for the defendant.

POWERS, J.  [1, 2]  To entitle one to public aid under
G. L. 4219, two conditions must exist:  He must be a poor per-
son; and he must be in need of assistance.  One may be poor,
and not need assistance; and he may need assistance and not be
poor.  It is not enough, under the section specified, that one of
these conditions exists; both must be shown.  In this respect,
the person referred to in that section differs from the one re-
ferred to in G. L. 4222; for the only requirement therein is that
he shall be in need of relief, without regard to his financial con-
dition.  *Danville* v. *Sheffield,* 50 Vt. 243.  The notice required
by G. L. 4220 is a prerequisite to a suit for reimbursement, the
object of which is to show that the case is one necessitating ac-

tion by the town giving it. *Randolph* v. *Roxbury,* 70 Vt. 175, 40 Atl. 49. Unless the notice contains enough to show this, it is legally insufficient.

Tested by this rule, the notice before us fails. It omits one of the essential conditions: It does not show that James Leno was a poor person.

*Judgment affirmed.*