GEORGE P. CATLIN *v.* TOWN OF GEORGIA.

October Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed November 5, 1930.

A. *Pearley Feen* and *Guy M. Page* for the defendant.

*F. L. Webster* and *M. H. Alexander* for the plaintiff.

MOULTON, J. The plaintiff is the sheriff of Franklin County and the keeper of the Franklin County jail. Wilfred Lamothe, a resident of the defendant town, was committed to the jail upon a certified execution, issued after a judgment against him in an action of tort. The cause of action arose in the defendant town. On the day following his commitment the plaintiff notified the defendant's overseer of the poor that he would look to the town for the expense of the keeping of the prisoner. The overseer declined to pay. After the discharge of Lamothe, this action of contract was brought, based upon G. L. 4222, to recover for the expense of his keep. After a trial by jury a verdict was directed for the plaintiff, and the case is here upon the defendant's exceptions.

G. L. 4222, so far as is material, is as follows: "If a transient person * * * is committed to jail and is in need of relief * * * the jailer * * * shall be at the expense of relieving and supporting such person, until he represents his situation * * * * to the overseer of the poor of the town in which the offense was committed, after which the overseer of the town so notified shall provide for his support; and, if the overseer neglects to provide for such support, the person so supporting him may recover therefor in an action of contract, on this statute, against the town so notified * * * * *"

All of the exceptions involve the same question. The plaintiff introduced no evidence tending to show that Lamothe was without financial resources. The defendant claimed that he was a man of means and not in need of relief during the time he was in jail, and offered to show the extent of his property and its availability. The evidence was excluded, and the defendant excepted. An exception was also taken to the direction

of the verdict, the ground being that there was no evidence tending to show that Lamothe was in need of relief.

It is not denied that Lamothe was a transient person within the meaning of the statute (see *Goodell* v. *Mount Holly*, 51 Vt. 423, 426), or that the tortious act upon which the certified execution was based was an "offense" as defined by the same section. See *Smith* v. *City of Rutland*, 99 Vt. 183, 189, 130 Atl. 714. But the defendant insists that G. L. 4222 is physically and historically a part of the pauper law of the State and that the intention of the Legislature in enacting this section, construing it with other sections, in *pari materia,* was to limit the use of public funds for the support of persons imprisoned on civil process to those only who are poor and in need of relief, and that therefore unless it should appear that the prisoner was without available property or means of support, no action against the town can be maintained.

But as was pointed out in *City of Montpelier* v. *Town of East Montpelier*, 94 Vt. 62, 108 Atl. 704, there is a distinction between G. L. 4219, which defines the conditions under which one may be entitled to public aid, and G. L. 4222. In the former case, it must be shown that such person is poor and in need of assistance, and both these elements must co-exist; while in the latter it is required only that he shall be in need of relief, without regard to his financial situation.

Indeed this construction of the Statute is confirmed by the language of the section itself. It is therein provided that the town furnishing support for the prisoner may recover the money so expended in an action against the town of his residence "if he was not of sufficient ability to defray the expense of his own support." Thus the possibility that the prisoner may have been possessed of adequate means is clearly recognized.

It is true that in referring to this section, in *Smith* v. *City of Rutland, supra,* reference is made to "transient paupers confined in jail," and to the "relief of poor persons confined in jail." But these expressions were clearly obiter, because no question arose in that case as to means or lack of means of the prisoners, the only issues being whether the defendant city was the municipality to be charged with their support, and whether the acts done by them which caused their incarceration were "offenses" under the statute.

██ ██ We hold that whenever a transient person, of whatever condition he may be, is committed to jail, he becomes at once ''in need of relief'' within the meaning of the statute; and that the question of his ability to pay for his support does not arise as between the keeper of the jail and the town wherein the offense was committed; but becomes an issue only when that town seeks reimbursement for the money expended, from the town of his residence. See *Danville* v. *Sheffield,* 50 Vt. 243, 248.

The statute clearly indicates the legislative intent that the jailer shall furnish the necessary support, and then, after the required notice has been given, the obligation rests upon the town to do so. *Smith* v. *City of Rutland, supra,* page 190 of 99 Vt., 130 Atl. 714. If the transient person is of sufficient financial ability to pay, the town is entitled to recover from him the amount expended; if he is not, reimbursement is to be sought from the town in which he resides. It is not intended that the keeper of the jail shall be under the necessity of making inquiry into the prisoner's ability to pay for his own support, or that the existence of such an ability relieves the town in which the offense was committed from the obligation of providing for his support, after the requisite notice has been given.

There was, therefore, no error either in the exclusion of the offered evidence, or in the direction of the verdict.

*Judgment affirmed.*