TOWN OF RANDOLPH *v.* HAROLD J. LYON.

May Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and
SHERBURNE, JJ.

Opinion filed October 2, 1934.

*Finn & Monti* for the defendant.

*Stanley L. Chamberlain* for the plaintiff.

SHERBURNE, J.. This is an action of contract to recover the amount paid for defendant's board while in jail. The case comes here upon exceptions to the overruling of defendant's demurrer to the declaration and to the judgment in favor of the plaintiff. The material parts of the declaration are as follows: "That on the 31st day of December, 1931, the said defendant was committed to the jail in Chelsea * * * on a certain certified execution issued by the Court of Chancery * * * in favor of one C. B. Prescott against said defendant; that the offense for which said execution was issued was committed in the Town of Randolph * * * that on the day aforesaid the keeper of said jail notified the overseer of the poor of the plaintiff town in writing, pursuant to statute after said defendant had been committed to said jail, that he was in need of relief and that said jailer looked to said overseer for payment of the board furnished to said Lyon while he remained in charge of said jail.'' And the declaration further alleges a payment to said jailer pursuant to the notice, a demand upon the defendant, and his refusal and neglect to pay.

G. L. 4222, now P. L. 3926, so far as material, is as follows: "If a transient person * * * is committed to jail, and is in need of relief, * * * the jailer * * * shall be at the expense of relieving and supporting such person, until he represents his situation * * * to the overseer of the poor of the town in which the offense was committed, after which the overseer of the poor so notified shall provide for his support; * * * and if such transient person is not of sufficient ability to defray the expenses of his support, with the other contingent charges, the town defraying such expense may recover the same in an action of contract, on this statute, from the town in which such person last resided three years, supporting himself and family.''

The defendant in his brief says that there is no right of action given under the statute or at common law against the defendant to repay the plaintiff town and cites authorities tending to show that no recovery can be had from paupers for assistance rendered to them. The trouble with this contention is that aid was not rendered to the defendant as a pauper. A person brought from one town and confined to jail in another is a "transient person'' within the meaning of the statute. *Town*

*of Pawlet* v. *Town of Rutland,* Brayton, 175; *Town of Manchester* v. *Town of Rupert,* 6 Vt. 291, 294; *Danville* v. *Putney,* 6 Vt. 512, 518. The declaration does not show where the defendant resided when committed to jail. Although the demurrer specially set up that the defendant "was at all times for three years previous to said confinement a resident of" plaintiff town, and although it was conceded at the hearing upon the demurrer that the defendant had been a resident of the plaintiff town for three years preceding his confinement in jail supporting himself and family, this fact is not before us. The purpose of a demurrer being to test the sufficiency of the declaration, it must be based exclusively on matter apparent on the face thereof. If the matter is not apparent it must be shown by plea or answer. This special ground of demurrer was properly overruled because it is what is sometimes called a "speaking" demurrer. *State* v. *Caplan,* 100 Vt. 140, 156, 135 Atl. 705; *Vermont Hydro-Electric Corp* v. *Dunn et al.,* 95 Vt. 144, 152, 112 Atl. 223, 12 A. L. R. 1495; 21 R. C. L. 505, 506; 49 C. J. 423. Nor is the demurrer aided by facts not appearing in the declaration, even though, as here, conceded at the hearing. *Powell & Powell* v. *Greenleaf & Currier,* 103 Vt. 46, 48, 151 Atl. 508; *State* v. *Caplan, supra,* at page 155 of 100 Vt., 135 Atl. 705; *Howard National Bank* v. *Fidelity & Casualty Co.,* 96 Vt. 462, 468, 121 Atl. 24; *Vermont Hydro-Electric Corp.* v. *Dunn et al., supra; Douglass & Varnum* v. *Village of Morrisville,* 84 Vt. 302, 314, 79 Atl. 391; *Columbian Granite Co.* v. *Townsend,* 74 Vt. 183, 186, 52 Atl. 432. But assuming that the defendant had such a residence in the plaintiff town at that time or even in Chelsea where the jail was located, he would have become a "transient person" when committed to jail, as he would have been confined at a place which was not his home. "Transient * * * is used in the sense of being away from home, and disabled, and thereby confined at the house of some one whose house is not such person's home," *Goodell* v. *Town of Mount Holly,* 51 Vt. 423, 426.

The statute does not imply that the "transient person" is a pauper. As said in *Town of Danville* v. *Town of Sheffield,* 50 Vt. 243, 248: "Persons of sufficient ability to pay for the relief and support contemplated by the statute, may be in need of that relief and support. This is implied by the very terms and provisions of the statute. Persons of ample ability

to pay may fall suddenly sick, or be injured and become helpless, and unable to command their resources, or procure for themselves what may be needed by way of relief and support. The statute designs to have such relief and support furnished in such cases, irrespective of resources and means, leaving them to be looked after by the town after having done what the statute requires in furnishing needed relief and support.'' As said in *Catlin* v. *Town of Georgia,* 103 Vt. 97, 100, 152 Atl. 89, 90: ''Whenever a transient person, of whatever condition he may be, is committed to jail, he becomes at once 'in need of relief' within the meaning of the statute.'' We hold that the town furnishing such relief has the right to bring an action to recover the expense from the person so helped. As said in *Catlin* v. *Georgia, supra:* ''If the transient person is of sufficient financial ability to pay, the town is entitled to recover from him the amount expended,'' and in *Town of Ripton* v. *Town of Brandon,* 80 Vt. 234, 241, 67 Atl. 541, 544: ''The town rendering such assistance must first look to the person assisted to defray the expenses of his support.'' See, also, *Town of Shrewsbury* v. *Bucklin et al.,* 105 Vt. 188, 192, 163 Atl. 626, 86 A. L. R. 133.

But it is said in defendant's brief that ''there is no allegation in the declaration that the defendant was of sufficient ability to defray the expenses of his support,'' and that in the absence of such ability there can be no right of action. We think that the matter of sufficient ability is material only when one town seeks reimbursement from another. *Town of Danville* v. *Town of Sheffield, supra; Town of Ripton* v. *Town of Brandon, supra; Catlin* v. *Town of Georgia, supra.* The plaintiff is not prevented from attempting to recover in this action although it may possibly turn out that nothing can be realized upon execution.

The defendant now complains that the declaration is faulty in that it does not set forth the statute or statutes relied upon by the plaintiff as required by county court rule No. 11, § 4. This, if a fault, was not pointed out in the demurrer, and so is waived. *Walker's Guardian* v. *Hendee,* 100 Vt. 362, 365, 137 Atl. 334.

At or after the hearing upon the demurrer, certain facts were respectively conceded by the parties. The defendant seems to be in doubt whether the court gave judgment upon the

500

demurrer or upon the merits. The plaintiff contends that after the demurrer was overruled the court gave judgment upon the concessions. The bill of exceptions is contradictory. In one place it states that certain facts were conceded "upon hearing," which may have been the hearing upon the demurrer, and later in another place it states that the facts conceded were all the facts that appeared after the demurrer was overruled. It then shows that the demurrer was overruled and judgment was rendered for the plaintiff for an amount enumerated in one of the concessions. As above noted the demurrer is not aided by facts conceded at the hearing, and as the court should not have entered judgment upon the merits without first having made and filed findings of fact, we think the judgment, if upon the merits, to be erroneous. *Raithel* v. *Hall,* 99 Vt. 65, 70, 130 Atl. 749; *Francis* v. *London Guarantee & Accident Co.,* 100 Vt. 425, 428, 138 Atl. 780; *Roberge* v. *Town of Troy,* 105 Vt. 134, 136, 163 Atl. 770. In this view of the case it is unnecessary to consider points raised in defendant's brief relative to the sufficiency of the evidence to support the judgment. We have, however, endeavored to clear up certain points suggested by defendant's brief although they may have been beyond the scope of the demurrer.

To the extent that the defendant has briefed any objection to the declaration properly covered by the demurrer we find the declaration sufficient.

*Judgment that the declaration is sufficient is affirmed and the cause is remanded for trial on the merits.*