## Town of Ludlow v. Town of Weathersfield.

The question, whether a person is chargeable to a town as a pauper, does not depend merely upon the fact, that they have furnished him relief, but likewise upon their legal obligation to do so.

Where an unmarried man, having no property in this State, became insane at the house of his father, where his home was, in the town of L. in this State, and, after he had so continued insane for several weeks, the father applied to the overseer of the poor of L. for assistance for the son, and the overseer of the poor did furnish necessaries for the son, at the expense of the town, and an order of removal was obtained and the son removed to the town of W., which was the place of his legal settlement, and, on appeal from the order of removal, it appeared that the son was the owner of unincumbered real estate in the State of New York, of the value of four or five hundred dollars, it was held, that the son was not chargeable to the town of L., and that the order of removal was prematurely made.

APPEAL from an order of removal, made by two justices of the peace, of one Henry Hitchcock from the town of Ludlow to the town of Weathersfield. Plea, that the said Henry Hitchcock, was not chargeable to the town of Ludlow, as a pauper, and trial by the court,—COLLAMER, J., presiding.

On trial it appeared, that the said Henry Hitchcock was an unmarried man, about twenty five years of age, and that, for several years before the making of the order of removal, he had been occasionally insane, and that he had resided a portion of the time with his father, in Ludlow, and that that had been his home. It farther

appeared, that for several weeks previous to the making of the order, and at that time, he was insane, and that he had no property in this State ; that his father, a few days before the order was made, applied to the overseer of the poor of Ludlow for assistance for Henry, and thereupon the overseer furnished necessaries for him, at the expense of the town, until he was removed to Weathersfield.   It was proved, that the said Henry, at the time the order of removal was made, owned a lot of land in Warren county, in the State of New York, which was unincumbered and of the value of four or five hundred dollars.

Upon these facts the court decided that the said Henry was not chargeable to Ludlow as a pauper ; to which decision the plaintiffs excepted.

*R. Washburn* and *S. Fullam* for plaintiffs.

1.   It does not appear, that the overseer of the poor of Ludlow, or the father of the pauper, knew that the pauper owned the lot of land in New York.   If the father did know of it, it seems that he would not provide for his son upon the credit of it ; and the son had fallen into as great distress, and stood as much in need of immediate relief, as though he had not owned the lot.   Even if the overseer knew that the pauper owned the land, he had no authority, or right, to provide for him on his credit and impose on him a debt ; *Selectmen of Bennington* v. *McGenness,* 1 D. Ch. 44 ; and the pauper, being insane, was incapable of making any contract, by which he could be made liable to refund to Ludlow such sums, as the overseer should expend for his relief and support.   The town, where the pauper became chargeable, could no more avail itself of a lot of land, which he owned out of the State, than they could of a settlement, which he had out of the State.   *Georgia* v. *Grand Isle,* 1 Vt. 464.   *Austin* v. *Gage et al.,* 9 Mass. 395.

2.   If the pauper had had property in this State, and it was not available for his immediate relief, it was still the duty of the overseer to provide for him, until he could be removed, in pursuance of the statute, to the place of his legal settlement ; and he was liable to such removal.   The statute does not require, that he should be an absolute pauper, in order to be entitled to relief and liable to removal ; but only, that he should have fallen into distress and have

stood in need of immediate relief; and that this was his situation, the case shows. Rev. St. 102, §§ 3, 4. *Johnson* v. *Huntington*, 1 Day 212. *Sturbridge* v. *Holland*, 11 Pick. 459.

*C. Coolidge* for defendants.

A pauper, according to the statute, is a "poor and indigent person;" and the town, in which such person is lawfully settled, must relieve and support him, "whenever he stands in need thereof." In *Londonderry* v. *Acton*, 3 Vt. 122, the court say, "No person can be chargeable, while he has the means of supporting himself; when he has property, either real or personal, he must first expend that in his own support, before he can make any legal or effectual call upon the overseers of the poor for relief." The case shows, that the supposed pauper has a clear real estate, of the value of $400, or $500, situated without the State.

1. The appellant insists, that, as to the point at issue here, it is unimportant, whether the property be within the State, or not, if the owner has such dominion over it, as to be able to convert it to the relieving of his necessities.

2. No argument can be derived, by the appellee, from the defect of power in the town, or its authorities, to reach and appropriate the property. In this respect both towns stand on the same footing; neither can confiscate the property for the purpose of indemnification, or for the use of the owner, whether it be within or without the State.

The opinion of the court was delivered by

Royce, J. The question, whether the alleged pauper was chargeable to the town of Ludlow, depended not merely upon the fact, that they furnished him relief, but likewise upon their legal obligation to do so. And as he then owned real estate in New York of the value of four or five hundred dollars, which was unencumbered, it seems to be little short of a contradiction in terms, to say that he was so utterly destitute of the means of support, as to be a proper object of charity under our system of *poor laws*. The language of this court has been uniform and emphatic in the exposition of the statute,—that no person can be chargeable to a town, while he has the means of supporting himself. *Londonderry* v. *Acton*, 3 Vt. 122; *Randolph* v. *Braintree*, 10 Vt. 442.

In the present case, it is true, the person relieved had become incompetent, by reason of temporary insanity, to contract for the supply of his necessities upon the credit of his New York land. But that property still constituted the means of credit, and any person, relieving his wants with a view to compensation, and not by way of gratuity, would have acquired not only a legal right to remuneration, but, for aught that appears, the power to realize it. It may also be remarked, that, in the case last cited, such a personal incapacity was not regarded as affecting, in any degree, the rights or obligations of the town.

Judgment of county court affirmed.