## Town of Tunbridge *v.* Town of Norwich, Appellants.

All that is required, in order to charge a legal settlement by seven years' residence, is, that the person should have his permanent domicil in the second town for seven consecutive years, being *sui juris*, and that neither he, nor his family, if he have one, should become chargeable to either town.

But it is not necessary that he should have a family, or, if he have one, that they should be maintained by him, or reside with him, provided, they do not become a public charge. In this case the pauper's wife and family resided in another state, during the whole of the seven years, and it was held that the change of residence was not thereby affected, and that the new settlement gained by the husband became the place of the wife's legal settlement, although the husband had deserted her, in such other state, more than twenty years prior to the making of the order of removal, and they had never, from that time, lived together as husband and wife.

APPEAL from an order of removal of John Broughton and his wife. The case was tried by the court upon the following statement of facts, agreed to by the parties.

About the year 1798 the said John Broughton, and his wife Hannah Broughton, moved from the State of Connecticut into the town of Tunbridge, and resided there unitl the year 1817, during which time they had several children. In the year

1817 the said Broughton moved with his wife and family into the State of New York; and in the year 1820 he left his wife and family in New York and came to the town of Norwich, where he resided, and supported himself, until the year 1832, when he married another woman, and moved with her to Barnard, in this state, where he resided with her for about six years and six months, when she died, and the said Broughton went to Tunbridge, to reside with his son, Humphrey Broughton,—which was in May, 1839. About the year 1833 the said Humphrey Broughton, who then resided in Norwich, went to New York and brought home his mother, the said Hannah Broughton, and she resided with him until the year 1839, when he removed to Tunbridge, and took the said Hannah with him. From May, 1839, the said John Broughton and Hannah Broughton continued to reside with the said Humphrey until December, 1841, when they were removed to Norwich by virtue of the order of removal made in this case. While they resided with the son, they did not cohabit or live together as husband and wife, nor have they ever so lived, since the said John left his wife and family in New York in 1820.

Upon these facts the county court decided that both the paupers were duly removed; to which decision the defendants excepted.

*L. B. Vilas* for defendants.

From the facts agreed upon it appears that the pauper Hannah Broughton has not been treated as the wife of John Broughton since 1820, and that she has not lived with him as his wife since that time. Hence we insist that her residence cannot be controlled by his, and that she could, during this time, acquire a settlement by her own residence. There is no pretence that she acquired a settlement in Norwich in her own right. *Bethel* v. *Tunbridge*, 13 Vt. 445. But if the court should hold that they were to be regarded as a family, then it follows that the residence of John Broughton, in Norwich, while his wife was in the state of New York, previous to 1833, would not create a settlement in Norwich, and therefore that neither of the paupers had a settlement in Norwich. In the one event the court would hold that the woman was unduly removed, and in the other, that both the woman and the man had no settlement in Norwich.

*G. Rolfe* for plaintiffs.

1. The plaintiffs insist, that, from the facts in this case, it is evident, that John Broughton's legal settlement is in Norwich. Slade's Stat. 381–383. *Middletown* v. *Poultney,* 2 Vt. 437. *Burlington* v. *Calais,* 1 Vt. 385. *Georgia* v. *Grand Isle,* 1 Vt. 464. *Adm'rs of Chafin* v. *Wardens,* 15 Vt. 560. *Starksboro'* v. *Hineburgh,* 13 Vt. 215. Brayton 185.

2. Hannah Boughton, being *de lege* the wife of John Broughton, has her legal settlement also in Norwich. This is so notwithstanding their separation, and would be so, were there a divorce *a vinculo.* Slade's Stat. 381. 1 Bl. Com. 363. *Wells* v. *Westhaven,* 5 Vt. 322. *Rex* v. *Eltham,* 5 East 113. *Eastwoodhey* v. *Westwoodhey,* 1 Str. 438. *Barnet* v. *Concord,* 4 Vt. 564. *Brookfield* v. *Hartland,* 10 Vt. 424. *Bradford* v. *Lunenburgh,* 5 Vt. 481. *Georgia* v. *Grand Isle,* 1 Vt. 464. *Bethel* v. *Tunbridge,* 13 Vt. 445. *Townsend* v. *Billerica,* 10 Mass. 411. *Canton* v. *Bentley,* 11 Mass. 441. *Middlebury* v. *Waltham,* 6 Vt. 200. *Hanover* v. *Weare,* 2 N. H. Rep. 131. *Landaff* v. *Atkinson,* 8 N. H. Rep. 532. *Royalton* v. *West Fairlee,* 11 Vt. 438. *Dalton* v. *Bernardstown,* 9 Mass. 201. *Guilford* v. *Oxford,* 9 Conn. 321. *Hartland* v. *Pomfret,* 11 Vt. 440.

The opinion of the court was delivered by

REDFIELD, J. The only question in the present case is, I apprehend, whether John Broughton, the husband, was duly removed. For if that is true of the husband, it follows, of necessity, in regard to the wife,—there being no law, by which she can have a settlement in any other town, than that of her husband's settlement, if he has a legal settlement within the state.

There can be no good ground to doubt, from the case, that John Broughton had a legal settlement in Tunbridge in the year 1817, when he left for the state of New York. For, having resided in Tunbridge from 1798 until that time, when, both by the statute of 1797 and that of 1801, one year's residence would give a legal settlement, we are not to presume that this long residence was rendered inoperative, for the purposes of gaining a settlement, by some impediment, like constraint, or subjection, or imprisonment, or wardship.

Tunbridge *v.* Norwich.

As the pauper's residence out of the state is not to be taken into the account, the only remaining question is, whether the seven year's residence in Norwich, and maintaining *himself*, his wife being abandoned in the state of New York, is such a residence as would change his legal settlement to that town. This residence, it will be noticed, is from 1820 to 1832, more than seven years after the repeal of the proviso to the act of 1817, in the year 1823. That seven years' residence in another town should have the effect to change his legal settlement, it is required that he should reside there and "maintain himself and family, and not become chargeable to either of said towns."

It is not to be inferred from the expression " and family " in the statute, that a man, in order to change his settlement under this provision of the statute, must have a family, or that he must necessarily have maintained himself and family, or himself, if he have no family, independant of all aid from any source whatever, besides his own personal labor and services. This would be an unreasonable, not to say an abusurd, construction. But the meaning of the statute, undoubtedly, is, that he shall maintain himself, or himself and family, if he have one, *so that neither shall become chargeable to any town for support*. But if the man, or his family, should receive presents, or if either should inherit property, or if his family should maintain him, instead of his maintaining the family, as is sometimes the case, it would not prevent the change of settlement. All that is necessary is, that he should have his permanent domicil, for seven consecutive years, in the second town, and keep himself and family from becoming chargeable to either town. If some of his family are with friends, visiting, or boarding, or if some of them abandon him, or are abandoned by him, but still do not become a public charge, it will not prevent the operation of the residence to change the settlement.

Judgment affirmed.