## TOWN OF WESTON *v.* TOWN OF WALLINGFORD.

### *Pauper. Application for Relief.*

The law making it the duty of the town to support its poor is mandatory; and it is not an essential prerequisite to the giving of aid that there should be an application therefor. Thus, where a poor person who is of full age but is still a member of his father's family, is sick and in need of relief, and the town where the father resides grants relief in good faith, on application made by the father, of his own motion, such grant will have the same effect upon such person's settlement as though it had been made on application of such person himself or of some one at his request.

THIS was an appeal from an order of removal of one Franklin Jackson from the plaintiff to the defendant town. Plea, that the pauper's legal settlement was not in, and that he was not legally chargeable to, the defendant town at the time of removal. Trial by jury, May Term, 1879, BARRETT, J., presiding.

It was conceded that the pauper had had a settlement in the defendant town, and that he had one there at the time of the order of removal, if he had not gained one in Mount Holly. It appeared that on February 23, 1867, being then of full age, he went with his father to live in Mount Holly, where he remained, a member of his father's family, till May 15, 1875, when he removed with his father to the plaintiff town; that while he lived in Mount Holly, he was subject to epilepsy and was in consequence at times incapable of taking care of himself; that when not suffering from that disease he was able to labor to some extent, but not enough to support himself; that he had always been a member of his father's family, and had for many years been in part supported by his father; and that at the time of the order of removal " the father's property was substantially all used up." The plaintiff, to show that the pauper became chargeable to Mount Holly, introduced evidence tending to show that in March, 1873, the pauper was sick and in need of relief; that the pauper's father applied to the overseer of the poor in Mount Holly for assistance, representing that the pauper was sick, and that he was unable to take care of him; that the overseer visited the pauper and found him sick, as represented, and agreed with the father that if the father would see that the pauper was taken care of he should be paid; that after the recovery of the pauper, and as soon as a sum was agreed on, the overseer paid the father $10 for the support of the pauper for one month; that the town reimbursed the overseer the sum so paid; and that the agreement and payment were made for the pauper's support in good faith. The defendant introduced evidence that the pauper was not sick in March, 1873, nor in need of relief, that the overseer did not then agree to pay for his support, that the money was not paid in good faith, and that the pauper never made nor authorized his father to make any application to Mount Holly for assistance.

The plaintiff requested the court to charge that if the application for aid was made by the father, and the pauper was sick and a member of his father's family, and in such condition as properly to require aid from the town, and such aid was rendered on such application in good faith, it would have the same effect and force

as if the application was made by the pauper in person, or by his request. The court refused so to charge, but charged that it was a " question of support of the pauper, . . . a question of the application of the pauper, not of help rendered to the father upon the father's application, but of help rendered to the pauper upon the pauper's application" ; that " the pauper could make application by himself personally, or he could make it through his father," that " he could make it through any person whom he might see fit to use for that purpose," but that " the application must start " from the pauper, and be the pauper's application, in whatever way it was communicated to the overseer in his behalf. To the refusal to charge as requested and to the charge given, the plaintiff excepted.

Verdict that the pauper was unduly removed, for that his settlement was in Mount Holly.

*Walker & Goddard*, for the plaintiff.

The statute does not require the overseer to wait for any particular application from any particular person, but requires the town to relieve and support the poor. Gen. Sts. c. 20, ss. 1, 2, 3. The statute is humane in its object and purpose, and was designed to prevent suffering on the part of the poor, and also to prevent the poor from imposing on their friends or the public. *Walden* v. *Cabot*, 25 Vt. 522.

*J. C. Baker*, for the defendant.

The father was bound by law to support the pauper, if of sufficient pecuniary ability. Gen. Sts. c. 20, s. 19. And as it appears that his property was only substantially used up at the time the order of removal was made, it is to be inferred that he was of sufficient pecuniary ability.

The application was unauthorized by the pauper, and the pauper was not chargeable. *Walden* v. *Cabot* is not in point. *Berkeley* v. *Taunton*, 19 Pick. 480.

The opinion of the court was delivered by

POWERS, J. At the trial in the County Court it became a material question for the jury to determine whether certain aid

furnished to the pauper by the overseer of Hount Holly in 1873, while he resided in the town of Mount Holly, was furnished in such a manner as to prevent the acquisition of a settlement in that town by a residence of seven years. The plaintiff town claimed that such aid was furnished in good faith to relieve the necessities of the pauper. The defendant claimed that the aid was furnished in bad faith to prevent the gaining of a settlement. The plaintiff requested the court to charge that if the request for aid was made by the father of the pauper, and the pauper was sick and a member of his father's family and in such condition as properly to require aid from the town, and such aid was rendered upon such application in good faith, it would have the same effect and force as if the application was made in person by the pauper or by his request. The court declined to charge as requested, and charged in substance that aid furnished on the application of the father without any request from the pauper, would not avail to interrupt the gaining of a settlement. We think the request embodied a correct statement of the law, and should have been complied with. The duty to support the poor is mandatory upon the several towns in the State. The towns discharge this duty through their overseers of the poor, who are charged under the statute *to see that the poor are suitably relieved.* The statute nowhere provides for any application to the overseer as an essential prerequisite to his moving in the matter of furnishing aid. It expresses the duty in general terms that the overseer " shall see that *the poor* are suitably relieved, supported, and employed at the charge of the town." It was held in *Walden* v. *Cabot*, 25 Vt. 522, that it was not necessary that the application for relief should come from the pauper, and we think upon principle this is the law. If the overseer receives notice from any source that a person stands in need of relief, it is his duty to make investigation, and if he finds a case calling for his action, it is his duty to act, and if in good faith he incurs expense, it has the effect to defeat a settlement.

*Judgment reversed, and new trial granted.*