# THE TOWN OF FOX
## v.
# THE TOWN OF BRISTOL.

*Paupers—Support of—Liability of Town—Duty of Supervisor as to Pauper in Another Town than the one Responsible—Right to Remove.*

Town of Fox v. Town of Bristol.

If a town supervisor, upon being notified of the presence in another town of a pauper for whose support his town is responsible, at once prepares a place of residence in his own town and offers to remove the pauper and his effects to such residence, and the pauper refuses to go and threatens with prosecution any one attempting to compel his removal, then the town will not be responsible to any other town for the support of such pauper after its officers have been notified of such offer and refusal.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Kendall County; the Hon. C. W. UPTON, Judge, presiding.

Mr. A. C. LITTLE, for appellant.

Messrs. M. O. SOUTHWORTH and J. M. RAYMOND, for appellee.

MR. JUSTICE HARKER. This was a suit by the town of Bristol to recover from the town of Fox for necessaries furnished a female pauper and her five minor children, on the ground that under Sec. 16 of the Pauper Act she was a charge against the town of Fox. There was a trial by the court without a jury, and a judgment rendered in favor of the town of Bristol for $222.20 and costs. From the record here filed we find that one Arthur Bell, a railroad section laborer, on the 12th of August, 1889, moved with his wife and children from the town of Fox, where they had resided for some five years, into the town of Kendall. On the 18th of March, 1890, he moved to the town of Bristol. On the 16th of May, 1890, Bell, while intoxicated, fell from a boat and was drowned in Fox river. He left his widow, Sarah Bell, and five minor children without means of support. The widow at once applied to the supervisor of the town of Bristol, who, after having the authorities of the town of Fox properly notified that the woman and children were paupers and chargeable as such against the town of Fox, furnished her with necessaries. All the expenditures, whether of food, clothing, house rent or medical aid, thus

made up to the 15th of August, 1890, were met and paid by the town of Fox.

We further find from the record that the supervisor of the town of Fox, desiring to move the woman into his own town, provided a suitable house for her, notified her of that fact and offered to move her and her effects. She refused positively to move or allow any one to move her, and threatened with prosecution any one who should attempt it. The supervisor on seven different occasions made such offer and also notified her that his town could not support her if she persisted in living in the town of Bristol. We further find that the supervisor of the town of Fox notified the supervisor of the town of Bristol and all persons who had been furnishing necessaries to the woman on the supervisor's order, of his offer to remove her and her refusal.

The liability of a town to support its poor is purely statutory. The supervisor of the town is *ex officio* overseer of the poor, and as such it is his duty, if residing in a town which supports its own poor, when notified under the above quoted section, to at once make provisions for the pauper and pay such expenses as have already accrued. In doing so, however, his powers are limited and he can go no further than authorized by the statute. The removal of the pauper is contemplated by the statute. If he refuses or neglects to remove him, but allows him to remain in the town to which he has recently gone, then may his town be liable for all necessaries furnished. But if he at once provides a place of residence for the pauper in his own town and offers to remove him and his effects to it, and there support him, and the pauper refuse to go and threaten to prosecute any person who shall attempt to remove him, then the town will not be liable to any other town for necessaries furnished after its officers have been notified of such offer and refusal. Such is this case.

In an action to enforce a statutory liability it devolves upon the plaintiff to show all facts necessary to create the liability, and in a case of this kind it would devolve upon the plaintiff to show, not only that the person supplied was a pau-

per needing assistance, but that the town sued had been notified, and had neglected to support the pauper. The town of Fox is not liable unless there has been some neglect upon the part of its supervisor to discharge the statutory duty to support this woman. He has done all the statute contemplated he should do to relieve his town of liability. He paid all bills for necessaries furnished before the 15th of August, 1890; long before that he had provided for her a house in his town suitable for her and her children to live in, and repeatedly offered to remove her and her effects to it; he notified the supervisor of the town of Bristol of his offer to remove her and her refusal, and notified him that his town would no longer support her while she lived in Bristol. It was not necessary to relieve his town from liability to resort to force to effect her removal and thereby subject himself to a threatened prosecution. By refusing to go to the town which was supporting her, after suitable provision for her support there had been made, this woman terminated any claim for support as a public pauper, and any other town or person afterward furnishing her necessaries, thereby obtained no right of action against the town of Fox. Under the contention of counsel for appellee, the town of Fox would be liable for this woman's support, if she insisted upon living in Chicago, preferring the whirl and excitement of that busy metropolis to the rural ways and simple manners of the denizens of Fox. We see nothing in the Pauper Act indicating a legislative intention to depart from the old proverb, "Beggars should not be choosers." In support of our views we cite New Salem v. Wendell, 2 Pick. 341; Backus v. Dudley, 3 Conn. 568; Town of Ludlow v. Town of Weatherfield, 18 Vt. 39.

For the reason that the record shows appellee has no cause of action against appellant, the judgment will be reversed, but the cause will not be remanded.

*Judgment reversed.*