TOWN OF WOODSTOCK v. TOWN OF BARNARD.

OCTOBER TERM, 1894.

*Pauper. No recovery for aid furnished before notice.*

1. Under No. 55, Acts of 1892, that town in which a pauper has his legal residence, whenever acquired, is liable to a town in which he is transient for his support.

2. But no recovery can be had for aid furnished before the giving of the notice required by said act to the overseer of the town sought to be charged.

Assumpsit for the support of a pauper. Heard upon an agreed statement of facts at the May term, 1894, Windsor county, THOMPSON, J., presiding. Judgment for the defendant. The plaintiff excepts.

The pauper was arrested on civil process March 12, 1892, and committed to jail in plaintiff town, where he remained until December 9, 1892. The support sued for was furnished between these dates. No notice was given by the overseer of the plaintiff to the overseer of the defendant until February 24, 1893.

The pauper had acquired a three years' residence in Barnard previously to 1874. Since that time he had not resided continuously in any one town for three years. When arrested he was temporarily in the town of Weathersfield.

*French & Southgate* for the plaintiff.

The pauper had a legal residence in the defendant town, and was transient in the plaintiff. Therefore, the plaintiff can recover. No. 55, Acts of 1892.

*W. E. Johnson* for the defendant.

The pauper did not "reside" in the defendant town within the meaning of the pauper acts. *Leicester* v. *Brandon*, 65 Vt. 544.

TAFT, J. I. No question is made but that the pauper for whose support this suit was brought was transient in the plaintiff town, nor that the defendant town was the one where he had last resided for the space of three years, supporting himself and family. The defendant, therefore, was chargeable with the support of the pauper. No. 55, Acts 1892.

II. A town chargeable with the support of a pauper is not liable under said act, if it provides for the pauper after the notice required by such act is given, for the statute reads that no action brought to recover the assistance given the pauper "shall be commenced," etc., until notice is given the overseer of the poor of the town chargeable with the pauper's support, and until the latter "has neglected to provide

for such  person or family for sixty days  after such notice."
No recovery can be  had  unless  the  overseer of  the  town
chargeable neglects to provide for the pauper for sixty days
after notice.   We think it clear from  this  that  no recovery
can be had for assistance rendered prior to the notice.

*Judgment below was correct, and the same is affirmed.*