## TOWN OF SPRINGFIELD

v.

## TOWN OF CHESTER.

OCTOBER TERM, 1895.

*Pauper.    Residence upon real estate of wife.*

1.  A person having no property of his own and unable to maintain himself, living with his wife in her house, which is of the value of sixty dollars and mortgaged for thirteen dollars, is a pauper, and a town furnishing him assistance may recover of the town of his legal residence therefor under No. 55, Acts 1892.

2.  The fact that he is living upon the free-hold of his wife is immaterial under the present law.

Action for the support of a pauper.    Trial by court at the May term, 1895, Windsor county, TAFT, J., presiding. Judgment for the plaintiff.    The defendant excepts.

*L. M. Read* for the defendant.

The alleged paupers owned property which was available for their support. *Londonderry* v. *Acton*, 3 Vt. 132 ; *Brookfield* v. *Hartland*, 6 Vt. 405 ; *Chelsea* v. *Brookfield*, 27 Vt. 587.

The husband and wife could not be separated and the wife could not be removed from her freehold.    *Londonderry* v. *Acton*, 3 Vt. 122 ; *Brookfield* v. *Hartland*, 6 Vt. 401 ; *Dummerston* v. *Newfane*, 37 Vt. 9 ; *Walden* v. *Cabot*, 25

Vt. 522; *Hartland* v. *Pomfret*, 11 Vt. 440; *Rupert* v. *Winhall*, 29 Vt. 245; *Hartland* v. *Windsor*, 29 Vt. 354; *Dummerston* v. *Newfane*, 37 Vt. 9.

*Gilbert A. Davis* and *Jerome W. Pierce* for the plaintiff.

The act of 1892 controls.

MUNSON, J.  The plaintiff had judgment below for the sum of two and one-half dollars, expended in providing medical attendance for one John P. Wiley subsequent to the passage of No. 55, Acts of 1892.  Wiley and his wife lived together upon premises belonging to the wife, worth from sixty to one hundred dollars, and mortgaged for thirteen dollars.  The place consisted of a poor house, upon an acre of rocky land.  They had no personal chattels, other than a scanty supply of household furniture.  Wiley's health was not good, and at times Mrs. Wiley's condition was such that she required his care; but he always managed to raise a few potatoes on the place, and generally earned from twenty-five to thirty dollars during the summer.  At the time the above assistance was rendered they were without money.

The statute provides that if a person is poor and in need of assistance for himself or family, the overseer of the poor shall relieve such person or his family, when application for such assistance is made.  No. 55, Acts 1892, V. S., 3171. This statute further provides that if such person has not resided in the town for three years supporting himself and family, and is not of sufficient ability to provide such assistance, the town furnishing the same may recover the expense thereof from the town where he last resided for three years supporting himself and family.  The defendant contends that it is not liable under this provision, because of the ownership of the place above described.

It is true, as claimed by the defendant, that under the pauper law existing prior to 1886 the wife could not have

been removed from her freehold estate, and that the husband could not have been separated from her. But we think the irremovability of a person under the old law is not determinative of the right to recover under the statute above recited. The system of settlements and removals was entirely swept away by the law of 1886. This court afterwards decided that the law of 1886 did not permit a recovery for assistance given to an actual resident. *New Haven* v. *Middlebury*, 63 Vt. 399. The legislature thereupon passed the act of 1892, which was the same in substance as V. S., 3171. This enactment permits a recovery, if the person relieved has not acquired the statutory residence, and is not of sufficient ability to provide the assistance. No exception is made in terms, and we find nothing to justify us in holding that one was intended.

In coming to this conclusion we are not unmindful of the fact that the provisions of the former law in regard to the care and control of paupers chargeable to the town are still retained. R. L., 2815, V. S., 3169. It is provided by the section cited that overseers of the poor shall see that indigent persons, as long as they remain at the charge of their respective towns, are suitably relieved, supported and employed, either in the poor house provided by the town, or in such other manner as the town directs, or otherwise at the discretion of the overseers, and that overseers shall take effectual measures to prevent such persons from strolling into other towns. It may be true that an overseer could not assume any control of a pauper which would interfere with his residence upon the freehold of his wife, and that a construction of V. S., 3171, which makes a town liable for assistance rendered to a pauper thus circumstanced limits in this respect the effect of V. S., 3169. But, if this be so, we think the general provisions of this section must yield to the plain letter of the subsequent enactment.

So this piece of land cannot affect the question of liability,

unless upon the ground that it afforded the husband suffi-
cient means to provide the required attendance.    It is not
necessary to consider whether an equity of this amount would
meet the requirement of the statute, for the property belonged
to the wife, and could not be disposed of by the husband.
The husband could live upon the land, but it was not other-
wise available for his relief.    Having no disposable interest
in the real estate, he clearly was not of sufficient ability to
provide for his need.

*Judgment affirmed.*