THE TOWN OF RANDOLPH *vs.* THE TOWN OF ROXBURY.

October Term, 1897.

Present: Ross, C. J., Rowell, Tyler and Start, JJ.

*V. S. 3171, 3172—Notice of Pauper's Condition to Town Sought to Be Charged.*

V. S. 3172, providing for notice to be given by the overseer furnishing an alleged pauper with support to the town sought to be charged, as the prerequisite of an action, does not require notice that the alleged pauper has applied for assistance nor that assistance has been furnished, but only requires notice of the condition of such person or his family.

ASSUMPSIT to recover for the support of an alleged pauper. Plea, the general issue. Trial by jury at the June Term, 1897, Orange County, *Thompson*, J., presiding. The court directed a non-suit. The plaintiff excepted.

*N. L. Boyden* and *J. D. Denison* for the plaintiff.

*R. M. Harvey* and *Zed S. Stanton* for the defendant.

START, J. The plaintiff offered in evidence a notice which was sent by its overseer of the poor to, and received by, the defendant's overseer of the poor, about September 20, 1894, informing him that one Elijah Darling, whose last known residence was in the defendant town, had no visible means of support, and that he would have to be taken care of and provided for by the plaintiff town, and demanding that the defendant's overseer take, or cause to be taken, such action as would relieve and free the plaintiff town from all trouble and expense in providing for his support; and, in connection with the notice, offered to show by parol testimony, that, from the 4th day of September, 1894, to and including the time when the notice was sent, the alleged pauper was in the plaintiff town, was a poor person in need of relief, and was, during that time, cared for and supported by the

plaintiff town. The court held the notice, with the parol testimony offered, insufficient to meet the requirements of the statute, and excluded both the notice and the parol testimony offered in connection therewith, to which the plaintiff excepted.

The defendant's counsel contends that the notice is insufficient, in that it does not show that the alleged pauper had made application for, or had been furnished, assistance by the plaintiff town. But we think the notice is sufficient to entitle the plaintiff to recover for support thereafter necessarily furnished, provided its case is, in other respects, made out. The statute does not require notice that the alleged pauper has applied for assistance, or that assistance has been furnished; it only requires notice of the condition of such person or his family to the overseer of the town sought to be charged with his or their support.

V. S. 3171, provides, that, if a person is poor and in need of assistance for himself or family, the overseer of the poor of any town shall, when application for such assistance is made, relieve such person or his family, and if he has not resided in such town for three years, supporting himself and family, and is not of sufficient ability to provide such assistance, the town so furnishing the same may recover the expense thereof from the town where he last resided for three years, supporting himself and family, in an action for money laid out and expended. This section gives a right of action without providing for any notice; but V. S. 3172, provides that no action shall be commenced by the town furnishing such assistance, until the overseer of the poor has given notice of the condition of such person or family to the overseer of the poor of the town where such person last resided for the space of three years, supporting himself and family, and until the last named overseer has neglected to provide for such person or family for sixty days after such notice. The purpose of this section is to require notice of a condition that renders it necessary for the town to provide

assistance for the alleged pauper, and to give the overseer of the town sought to be charged sixty days in which to inquire respecting the circumstances, condition and residence of the person claimed to be without means of support, and to determine whether he will, for his town, assume the burden of supporting such person, leaving the facts necessary to be established in order to justify a recovery to be proved on trial.

The plaintiff could not recover for support furnished prior to the notice. *Woodstock* v. *Barnard*, 67 Vt. 97. Therefore, no good purpose could be served by stating in the notice that the alleged pauper had been furnished with assistance. It was sufficient to show a condition that made it necessary to furnish assistance; and the plaintiff's overseer did not, by his notice, seek to charge the defendant for support that had been furnished at the date of the notice. He only sought to lay the foundation for charging the defendant for support that should be thereafter furnished; and he did this, in so far as it could be done by notice. He informed the defendant's overseer, that the alleged pauper had no visible means of support; that his last known residence, in this State, was in the defendant town; and that his condition was such that he would have to be taken care of and provided for by the plaintiff town; and demanded such action as would relieve the plaintiff town from the trouble and expense of providing for his support. This was notice of his condition, within the meaning of the statute; and the notice and parol evidence offered in connection therewith to show that he was, at the date of the notice, in the plaintiff town, was a poor person in need of relief, and was then supported by the plaintiff town, should have been received.

*Judgment reversed and cause remanded.*