TOWN OF MOUNT HOLLY *v.* TOWN OF PERU.

October Term, 1899.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON and THOMPSON, JJ.

Opinion filed December 4, 1899.

*Pauper law—Residence of married woman*—The town in which a husband
has acquired a three years' residence is chargeable with the support of
his wife, who comes to want while she is living apart from him in
another town, notwithstanding the mere fact of the separation of hus-
band and wife.  The husband's residence determines that of the wife.

*Notice under V. S. 3172*—Notice in such case under V. S. 3172, which desig-
nates the person to whom assistance is furnished simply as M. L.,
without describing her as the wife of A. L., her husband, is sufficient.

*Notice under V. S. 3172*—Notice that the assisted person is poor and in need
of assistance, is a sufficient notice of the condition of such person.  The
cause of such condition, in this case sickness, is immaterial.

*Contemporaneous intention as to residence—Inadequacy of charge*—In this case
the determination of the residence of the husband required the appli-
cation of the doctrine of contemporaneous intention, and the charge
upon this point being deemed inadequate, judgment was reversed.

ASSUMPSIT to recover money expended in the support of a
pauper.  Plea, general issue.  Trial by jury, Rutland County,
March Term, 1899, *Watson*, J., presiding.  Verdict for plaintiff.
Judgment on verdict.  Defendant excepted.

The evidence of the plaintiff tended to show that in June,
1897, one Mary Lyons became sick and in need of assistance
while living in the Town of Mount Holly, that she applied to the
overseer of said town for assistance, and that necessary assistance
was furnished her ; and that she was the wife of one Aaron
Lyons, then living in, and partly supported by, the Town of Peru.

During the examination of the first witness on the part of
the plaintiff, the plaintiff introduced in evidence the notice sent
by the overseer of the poor of the plaintiff town, to the overseer
of the poor of the defendant town, which was as follows :

"MOUNT HOLLY, VT., July 12, 1897.

*To the Overseer of the Poor of the Town of Peru:*

DEAR SIR:—You are hereby notified that Mary Lyons, now in the Town of Mount Holly, is a poor person, unable to support herself by her own labor and has no means of support and is being now cared for and supported by said Mount Holly, and that said Town of Mount Holly will look to the said Town of Peru to re-imburse it for all moneys expended in the care and support of the said Mary Lyons.

Yours truly,

A. W. COOK,

Overseer of the Poor of Mount Holly."

The defendant objected to this notice because the evidence then in the case tended to show that the assistance furnished for which this action was prosecuted, was to the wife of Aaron Lyons, while the notice contained no reference to Aaron Lyons or his family, and only referred to Mary Lyons as an individual ; also because it did not contain a notice of the condition of the person assisted other than that she was a poor person without means, the defendant claiming that it should have shown cause as to her need of support.

All the evidence tended to show that said Mary Lyons had not been a member of her husband's family since 1889, that she had never lived in the Town of Peru, and that for some time before she came to want as before stated she had kept house apart from her husband in the plaintiff Town of Mount Holly. At the close of the evidence the defendant made a motion for a verdict in its favor on the grounds so disclosed by the evidence. This motion was overruled.

Whether Aaron Lyons, the husband of said Mary Lyons, had resided in the defendant town for three years, supporting himself and family, was a question upon which the evidence was conflicting and the determination of which depended largely upon the question of contemporaneous intention.

The charge in reference to this matter was excepted to by the defendant. The substance of the charge upon this point and the evidence to which it was applicable appear from the opinion.

*Butler & Moloney* for the plaintiff.

*A. E. Cudworth* and *Joel C. Baker* for the defendant.

MUNSON J. The notice was sufficient and properly admitted. It was not necessary to describe the person assisted as the wife of Aaron Lyons. Her designation as Mary Lyons sufficiently answered the purpose of the notice. A town furnishing assistance can put itself in a position to recover without indicating the precise grounds of its claim. It is for the town receiving the notice to inquire as to any matters that may relieve it from liability. Nor was it necessary to mention Mrs. Lyon's sickness in giving notice of her condition. The requirement relates to the condition which is the basis of recovery, and not to the circumstances producing that condition. If a person is poor and in need of assistance, the cause of this condition is immaterial.

The defendant's motion for a verdict on the ground of separation and non-residence was properly overruled. The pauper law, notwithstanding its radical modifications, still recognizes the family as the basis of support and relief, and consequently of recovery. The husband is the head of the family, and his action determines the residence of its members. It is the duty of the wife to remain in the family until she has what the law considers a justification for leaving. The mere fact of separation cannot relieve husband and wife from the obligations which the law attaches to the marriage relation, nor towns from the obligations placed upon them because of this relation. The law still regards them as one family, and charges the support of both upon the town where the husband has acquired a three years' residence. The reasoning in *Tunbridge* v. *Norwich,* 17 Vt. 493, is somewhat applicable, notwithstanding the change in the law.

The exceptions to the charge must be sustained.  Aaron Lyons came into Peru from the Town of Weston, where he had been staying some months ; and during the first part of the three years necessary to give him a residence in Peru he spent his Sundays in Weston and had his washing done there.  The retention of this connection with Weston after he commenced work in Peru made it necessary to inquire regarding his contemporaneous intention as between these places.  But in charging the jury the court proceeded upon the assumption that a three years' residence in Peru began when he commenced work there, and confined its application of the doctrine of intention to the effect of a subsequent three weeks' absence from Peru.  Upon its attention being called to this oversight by an exception, the court charged further that it was necessary to find in the first place that Lyons had a home in Peru within the meaning of a home or residence as before given.  But in that part of the charge to which the jury would naturally consider itself referred by this instruction, there was no mention of the doctrine of intention.  This final instruction was excepted to as inadequate, and the exceptions upon this point are sustained.

*Judgment reversed and cause remanded.*