TOWN OF ESSEX *v.* TOWN OF JERICHO.

October Term, 1903.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and STAFFORD, JJ.

Opinion filed December 2, 1903.

*V. S. 3171-3172—Paupers—Action for Support—Notice—Requisites—Wife—Residence.*

It is a condition precedent to a right of action by one town against another for the support of a pauper, under V. S. 3171, 3172, that the overseer of the plaintiff give notice to the overseer of the defendant "of the condition of such person."

'Our pauper law will not allow a wife to gain a residence different
from that of her husband, though she leaves him with the de-
clared purpose never to return, and agrees with him never to call
upon him for support.

ASSUMPSIT to recover for the support of an alleged pau-
per.   Heard on an agreed statement at the March Term, 1903,
Chittenden County, *Start,* J., presiding.   Judgment *pro forma*
for the plaintiff.   The defendant excepted.   The opinion states
the facts.

*L. F. Wilbur* for the defendant.

The alleged pauper had gained a residence in Underhill.
This case differs from *Mount Holly* v. *Peru,* 72 Vt. 68, in this,
that here the wife left the husband with the declared intention
not to return, and with the agreement with him that she
should never call upon him for support.

The notice is defective in not stating the condition of the
alleged pauper.

*Allen Martin* for the plaintiff.

Under our pauper law a wife can, under no circumstance,
gain a residence different from that of her husband.   *Mount
Holly* v. *Peru,* 72 Vt. 68, Jacobs' Law of Domicile, §§ 209,
215, 216; *Marshfield* v. *Tunbridge,* 62 Vt. 455.

The notice is sufficient.   *Mount Holly* v. *Peru, supra.*

TYLER, J. This suit was brought upon the claim that Mag-
gie M. Howe had become poor and in need of assistance in the
plaintiff town, which had expended money for her support;
that the defendant was the town of her legal residence and
therefore liable to the plaintiff for the money so expended.

I.   It is a prerequisite to a right of action by one town
against another town to recover for assistance furnished to a

person under V. S. 3171, that the overseer of the town thus· seeking to recover give notice "of the condition of such person" to the overseer of the poor of the town where the person last resided for the space of three years, supporting himself and family, and that sixty days elapse after giving the notice before suit is brought. In the present case the notice was as· follows:

"Essex, Vt., May 8th, 1902.

*James Hutchinson, Esq.,*
      *Overseer of Poor, Jericho, Vt.*

DEAR SIR:—

Mrs. Maggie M. Howe (wife of Martin Howe) has ap-- plied to me for assistance from this town and I understand. she is a legal resident of Jericho, therefore I hereby notify you accordingly, and from this date all necessary expense for her maintenance and support must be paid by the town of Jericho.

GEORGE BEECHER."

It is clear that the notice is not in compliance with V. S. 3172, in that it contains no statement of the "condition" of the· person who had applied for assistance. It was held in *Randolph* v. *Roxbury,* 70 Vt. 175, Atl. 49, that it is not essential that the town giving the notice had furnished assistance to the person in question, nor that such person had applied to that town for assistance, but that it is essential that the notice should state facts showing that the person was in such a condiion as to require assistance, so that the town sought to be ·charged might have the time and the data for ascertaining whether the person required assistance, and if so, whether that town was liable for the person's support. *Mount Holly* v. *Peru,* 72 Vt. 68, 40 Atl. 103.

2.   It appears by the agreed statement that this woman was married in October, 1890, to Martin Howe, who then was, and continued to be a resident of Jericho until his death in May, 1897; that the parties lived together in that town until September, 1895, when they voluntarily separated, the wife conveying to her husband her interest in the homestead upon which they had resided and receiving from him five hundred dollars in money.   Mrs. Howe then went to Underhill where she continuously lived and supported herself until December, 1899, when she moved to Essex.

When Mrs. Howe left her husband she declared her purpose never to return, and agreed with him that she would never call upon him for support.   But this separation did not change her residence, for the purpose of support, from the town of her husband's legal residence while he lived.   The Act of 1886, does not enable a married woman to gain a residence separate from that of her husband.   *Mount Holly* v. *Peru* is full authority upon this point.

By reason of the defect in the notice this action cannot be maintained.

*Pro forma judgment reversed, and judgment for the defendant.*