TOWN OF BARNET *v.* TOWN OF PLAINFIELD.

May Term, 1909.

Present:    MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed June 29, 1909.

*Paupers—Action by One Town Against Another Town for Support—Notice—Requisites and Sufficiency—P. S. 3668.*

It is the pecuniary "condition" of a pauper or his family that is referred to by P. S. 3668, requiring, as a prerequisite to a right of action, that the assisting town's overseer of the poor shall notify the overseer of the poor of the town ultimately liable for the pauper's support "of the condition of said person or family;" and a notice reciting only the pauper's physical condition, is insufficient.

ASSUMPSIT to recover for the support of a pauper. Plea, the general issue. Trial by court on an agreed statement of facts at the June Term, 1908, Caledonia County, *Hall,* J., pre-

siding. Judgment, *pro forma,* for the plaintiff. The defendant excepted. The opinion states the case.

*R. M. Harvey* and *E. M. Harvey* for the defendant.

The notice in this case is insufficient in that it does not inform the defendant town of the condition of the pauper. *Randolph* v. *Roxbury,* 70 Vt. 175; *Mt. Holly* v. *Peru,* 72 Vt. 68; *Essex* v. *Jericho,* 76 Vt. 104.

*Dunnett & Slack* for the plaintiff.

The notice is sufficient. The purpose of the notice is to acquaint the town chargeable with support of a condition that renders it necessary for the town to provide assistance for the alleged pauper. *Randolph* v. *Roxbury,* 70 Vt. 175; *Mount Holly* v. *Peru,* 72 Vt. 68. "So that the town sought to be charged might have the time and the data for ascertaining whether the person required assistance, and if so, whether that town was liable for the person's support." *Essex* v. *Jericho,* 76 Vt. 104.

POWERS, J. The notice involved in this case is entirely inadequate. It reads as follows:

Barnet, June 24, 1907.

Overseer of Poor,
    Plainfield, Vt.
Dear Sir:
    We have a boy, of Chas. Bancroft, who is in the Waterbury asylum, who is a resident of your town, sick in the hospital at St. Johnsbury. He has had an operation of some kind, and his family have applied for help from this town. I will see that these bills are paid, and will look to the town of Plainfield for remuneration.

Yours very truly,
A. N. GILFILLAN,
Overseer of Poor,
Barnet, Vt.

The boy had his operation, or at least went to hospital June 8, and is there yet but will be out soon.

A. N. G.

The statute requires that the notice shall disclose the *condition* of the alleged pauper. The condition here referred to is his financial condition which is the basis of the right of recovery, and not his physical condition which is merely the cause of it. This was recognized in *Randolph* v. *Roxbury*, 70 Vt. 175, and made plain in *Mt. Holly* v. *Peru*, 72 Vt. 68. In the latter case, the notice described the party on account of whose assistance the suit was brought as a "poor person, unable to supply herself by her own labor and has no means of support and is being now cared for and supported by said Mt. Holly." It was objected that the notice should have shown the cause of her need of support. In holding that the notice was sufficient, the Court said "nor was it necessary to mention Mrs. Lyons's sickness in giving notice of her condition. The requirement relates to the condition which is the basis of recovery, and not to the circumstances producing that condition. If a person is poor and in need of assistance, the cause of this condition is immaterial."

If we were to strike out of the notice here in question all that relates to young Bancroft's physical condition,—which is immaterial under the above holding,—we should have one not materially unlike that which was held insufficient in *Essex* v. *Jericho*, 76 Vt. 104.

This holding being decisive of the case, the other questions are not considered.

*The pro forma judgment is reversed, and judgment rendered for the defendant to recover its costs.*