Town of Waitsfield *v.* Town of Craftsbury.

November Term, 1913.

Present: Powers, C. J., Munson, Watson, Haselton, and Taylor, JJ.

Opinion filed January 28, 1914.

*Paupers—Duty of Town to Assist—Recovery for Assistance— Notice to Town Chargeable—P. S. 3668—Necessity of Writing —"Condition" of Pauper — Waiver of Notice— "Poor Persons."*

The "notice of the condition" of a poor person that a town has assisted, required by P. S. 3668 to be given by that town before it can begin an action against the town where such person last resided for three years, supporting himself and family, means a written notice, and refers to his pecuniary condition.

There are no equities between towns in respect of supporting paupers, but the statute casts that burden on the town determined by an arbitrary rule, provided the required notice be given.

The law is imperative that poor persons in need of assistance in any town shall be relieved by that town, and so the duty of its over-

seer of the poor to afford that relief becomes ineludible whenever he receives information, however conveyed, that such relief is needed.

In an action by one town against another to recover for mőney expended by plaintiff in support of a pauper, the fact that defendant's overseer of the poor, upon receiving notice from plaintiff's overseer, visited the pauper's family in plaintiff town, ascertained their financial condition, and conferred with plaintiff's overseer about it, did not preclude defendant from defending on the ground of the insufficiency of the notice given pursuant to P. S. 3668.

Nor does the fact that defendant's overseer of the poor, in refusing to pay for the supplies furnished the pauper by plaintiff, placed his refusal on the ground that he did not consider the assisted person to have been a pauper, preclude defendant from defending on the ground of the insufficiency of the notice given pursuant to P. S. 3668, for the overseer of the poor has no authority to waive any of a town's defences to such an action.

The function of relieving the poor is governmental in its nature, and the overseer of the poor is not the general agent of the town, but rather a public officer, and so he cannot by his conduct relieve a town from liability for support of the poor and charge it upon his own town, under the ordinary rules as to waiver of rights by the conduct of an agent.

The fact that a person owned a horse and a cow did not conclusively show that he was not a "poor person" in need of assistance within the meaning of P. S. 3667.

ASSUMPSIT to recover money expended in the support of a pauper. Plea, the general issue. Trial by jury at the September Term, 1912, Washington County, *Stanton,* J., presiding. Verdict directed for the defendant, and judgment thereon. The plaintiff excepted. The opinion states the case.

*F. L. Laird* and *Burton E. Bailey* for the plaintiff.

*Horace F. Graham* and *Benjamin Gates* for the defendant.

HASELTON, J. This is assumpsit under the pauper law to recover for money expended in the support of one Jerry Doying and his family. At the close of the plaintiff's evidence a verdict was directed for the defendant town. The plaintiff excepted.

March 10, 1910, the overseer of the town of Waitsfield sent to the overseer of the town of Craftsbury the following notice, duly dated, directed and signed: "There is a man in our town by the name of Jerry Doying. He claims to have a residence in Craftsbury. His wife is sick and he has called on us for aid. At the present time we have to furnish a physician, keep the family in provisions and also a woman to care for Mrs. Doying. He has lived in this town nearly three years and has never been helped by the town until within a few days. Would be glad to hear from you in regard to this matter."

The first question is as to the sufficiency of this notice.

The notice, to be given within thirty days from the time of the application to a town for assistance, and before suit is brought, is required to disclose the condition of the alleged pauper. P. S. 3668. And the condition referred to is pecuniary or financial. *Barnet* v. *Plainfield,* 82 Vt. 263, 73 Atl. 579; *Essex* v. *Jericho,* 76 Vt. 104, 56 Atl. 493; *Mt. Holly* v. *Peru,* 72 Vt. 68, 47 Atl. 103; *Randolph* v. *Roxbury,* 70 Vt. 175, 40 Atl. 49.

In this notice there is nothing that relates to the financial condition of Doying, unless it is the statement of the things the plaintiff has to do for him. It is argued in substance that the verb "have" imports obligation, and that the plaintiff could have been under no obligation to assist Doying unless he was poor and in need of assistance. But at most the notice states merely the overseer's view of the town's obligation and such statement is not enough. It is very much like a statement that a town has been called on for assistance which is immaterial and insufficient for it does not show the need of assistance but only some one's view of it.

There are no equities between towns in such matters, but by an arbitrary rule the statute throws the burden of supporting a poor person in need of assistance ultimately upon the town in which such person last resided for three full years supporting himself and family provided the required notice is given. Mere informalities in the notice do not matter. But the notice in question is lacking in substance.

The law is solicitous and imperative that poor persons in any town, in need of assistance shall be relieved by such town, and the duty of its overseer to afford relief arises and becomes ineludible whenever he receives information however conveyed that relief is required. P. S. 3665; *Weston* v. *Wallingford,* 52

Vt. 630; *Walden* v. *Cabot*, 25 Vt. 522; *Springfield* v. *Chester*, 68 Vt. 294, 296, 35 Atl. 322.

But the right of such town to be reimbursed for its expenditures by some other town must necessarily be governed by arbitrary regulations. *Town of Morristown* v. *Town of Hardwick*, 81 Vt. 31, 69 Atl. 152; *Craftsbury* v. *Greensboro*, 66 Vt. 585, 594, 29 Atl. 1024; *Worcester* v. *East Montpelier*, 61 Vt. 139, 17 Atl. 842.

The plaintiff claims that sufficient notice was given the defendant verbally if not in writing, and that verbal notice is just as valid as notice in writing.

But "notice" within the meaning of the statute in question means written notice although the word "written" is not used in the statute. This result follows from the purposes for which the notice is required, and its official character, and accords with the uniform though tacit construction of the statute since the requirement of notice. Acts of 1892, No. 55; P. S. 3668; *South Burlington* v. *Cambridge*, 77 Vt. 289, 293, 59 Atl. 1013; *Essex* v. *Jericho*, 76 Vt. 104, 56 Atl. 493; *Mt. Holly* v. *Peru*, 72 Vt. 68, 47 Atl. 103; *Randolph* v. *Roxbury*, 70 Vt. 175, 40 Atl. 49; *Barnet* v. *Plainfield*, 82 Vt. 263, 73 Atl. 579.

There was evidence tending to show that upon receiving the notice the overseer of Craftsbury went to Waitsfield, visited the Doying family, ascertained their financial condition and conferred with the overseer of Waitsfield in respect to such condition. But his doings in that respect did not prevent the town of Craftsbury from defending on the ground of the insufficiency of the notice. His conduct amounted at most to an excess of precaution, and did not subject Craftsbury to any liability since Waitsfield lost no right thereby. *Danville* v. *Hartford*, 73 Vt. 300, 50 Atl. 1082.

There was also evidence tending to show that several months after the notice was given the overseer of Craftsbury in refusing to pay the bills presented by Waitsfield put his refusal upon the ground that he did not consider that Doying was a pauper and not upon the ground of the insufficiency of the notice which he said he considered all right. But the statute makes the giving of the required notice a prerequisite to the bringing of an action and the overseer of the poor of the town has no authority to waive any of the town's defences to an action.

The function of relieving the poor is properly governmental in its character and the overseer of the poor is not a general agent of the town but is rather a public officer. *Holloway* v. *Barton,* 53 Vt. 300.

So the ordinary principles of agency and waiver by agents do not apply. An overseer of the poor cannot by his conduct relieve one town from liability and charge it upon another. Liability must rest where the statute places it. *Chelsea* v. *Washington,* 48 Vt. 610, 614.

The defendant claims as matter of law that Doying was not a poor person in need of assistance within the meaning of the law since as the evidence showed he had a horse and a cow. But this fact was not conclusive of the question. *Ripton* v. *Brandon,* 80 Vt. 234, 67 Atl. 541.

The language of this Court in *Londonderry* v. *Acton,* 3 Vt. 122; *Randolph* v. *Braintree,* 10 Vt. 442; *Ludlow* v. *Weathersfield,* 18 Vt. 39, which today seems harsh was in fact humane, for as the law then was a person who could be deemed a pauper was liable to be warned out of the town in which he had long lived and with his family and effects be forcibly removed therefrom perhaps to a town in which he had never lived. Within the meaning of such a law the court held that a man was not a pauper, whatever the circumstances requiring his immediate relief were, if he had any property by the sacrifice of which relief could be obtained. A comprehensive review of cases upon this subject including our own cases above cited is found in a note to the Wisconsin case of *Coffeen* v. *Town of Preble,* 148 Wis. 183, 125 N. W. 954, 27 L. R. A. (N. S.) 1079, as reported in 20 Ann. Cas. 753.

In view of all the evidence which is referred to the court below was warranted in saying as it did that the plaintiff's evidence tended to show that Doying was a poor person and in need of assistance, for the evidence tended to show that Mr. Doying was a feeble man who got his living by the work he could do with his horse and that the milk of the cow was necessary to the sustenance of the children.

The verdict for the defendant town was, however, properly directed upon the ground of the insufficiency of the notice to it given by the town furnishing the assistance.

*Judgment affirmed.*