TOWN OF HARDWICK *v.* TOWN OF BARNARD.

November Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed January 9, 1930.

*Stickney, Sargent & Skeels,* and *Shields & Conant* for the defendant.

*M. G. Morse,* and *Oscar L. Shepard* for the plaintiff.

MOULTON, J.   This is an action under G. L. 4219, as amended by No. 112, Acts 1921, to recover the expense incurred in providing for the care, maintenance, and support of James Learie, Sr., an alleged pauper.   Judgment was rendered for the plaintiff upon an agreed statement of facts.   The defendant excepted.

There are eight exceptions to the judgment, but, as the defendant says in its brief, they all involve, directly or indirectly, only one point, and that is the claim that the agreed statement does not make it to appear that James Learie, Sr., was a poor person in need of assistance.   This was requisite to the plaintiff's right to recover.   The law is thus stated in *City of Montpelier* v. *Town of East Montpelier,* 94 Vt. 62, 108 Atl. 704:   ''To entitle one to public aid under G. L. 4219, two conditions must exist:   He must be a poor person; and he must be in need of assistance.   One may be poor and not need assistance; and he may need assistance and not be poor.   It is not enough, under the section specified, that one of these conditions exists; both must be shown.''

And it is true, also, that since the facts in this case are by agreement of parties, none but necessary inferences therefrom can be drawn or considered.   *Hooper, Trustee in Bankruptcy* v. *Kennedy,* 100 Vt. 314, 317, 137 Atl. 194, 196, and cases cited; *Barre* v. *Bethel,* 102 Vt. 22, 145 Atl. 410, 411; *Drew* v. *Bowen et al.,* 102 Vt. 124, 146 Atl. 254, 255.

The agreed statement shows that James Learie, Sr., is a British subject seventy-two years old.   He and his wife, who died in 1923, lived on a farm in Barnard with his son James K. Learie from October 15, 1915, until August 31, 1921.   The following appears as to his condition: ''The said James Learie, Sr., was mentally normal, but physically was an invalid and incapable of supporting himself and wife without outside assistance, and they were therefore supported by their son James K.

Learie, Jr., assisted to some extent by contributions by another son, Thomas Learie, who resided and still resides in Canada.''

On or about September 1, 1921, he left Barnard, with no intention of returning, and, after a short stay in Bethel, during the same month, removed to Hardwick, where he was supported, and his hospital bill paid, by James K. Learie. In September, 1923, he went to Johnson, without intention to return to Hardwick, where he was still supported by his son. On August 25, 1924, he became an inmate of the Hardwick Hospital, upon the agreement of James K. Learie and Thomas Learie to pay the charges. These were paid by Thomas until August 16, 1926, when he notified the hospital that he could pay them no longer. Thomas Learie thereafter made a part payment, but failed to do more, and James K. Learie, Jr., is, and was during the period in question, unable financially to assist in the support of his father. All the other children are residents of Canada. James Learie, Sr., has since remained at the Hardwick Hospital, so helpless with rheumatism that he is unable to feed himself, under an agreement between the overseer of the poor and the hospital that the town would be responsible for his care and support.

Is it a necessary inference from these facts that James Learie, Sr., was a poor person in need of assistance? The defendant says it is not, and calls attention to the paragraph in the agreed statement concerning his mental and physical condition, which we have quoted above. It is not argued that this paragraph refers only to his inability to support himself and his wife, and not to his inability to support himself alone after her decease, so we give this matter no consideration. But it is claimed that it does not require the necessary inference that although helpless physically, he was not able to support himself by mental labor, or that he was not financially able to support himself.

We do not so understand the language used. We construe it to mean that he was unable by any form of activity, or by any means, to provide the necessary support unaided. It refers, we think, to an inability to do so, financial as well as otherwise. Moreover, whether a person is poor and in need of assistance does not depend alone upon the amount and value of his property. *Ripton* v. *Brandon*, 80 Vt. 234, 240, 241, 67 Atl. 541; *Springfield* v. *Chester*, 68 Vt. 294, 295, 297, 35 Atl. 322;

334

*Blodgett* v. *Lowell*, 33 Vt. 174, 175. When a town, *bona fide,* relieves a person apparently a pauper and actually standing in need of relief, the town in which such person has the statutory residence, if given the required notice, will be liable for the expense, although it may turn out that the person relieved had some property. *Ripton* v. *Brandon, supra,* page 241 of 80 Vt., 67 Atl. 541.

■ It appears by the agreed statement taken as a whole that James Learie, Sr., was old, infirm, and helpless; he was dependent for his support upon contributions from his children; and the only child within reach of process is financially unable to assist him. The others have either declined, or neglected, to do so. What more need appear to justify the necessary inference of the existence of the two elements required to entitle him to public aid under the statute?

■ The plaintiff's right to recover is not affected by the fact that James Learie, Sr., has not himself asked the town of Hardwick for assistance. The circumstances were brought to the attention of the overseer of the poor and relief requested by the hospital authorities. It is not required that the town should wait until the pauper himself shall have made application for help. *Walden* v. *Cabot,* 25 Vt. 522, 526. The duty of the overseer to afford relief arises and becomes ineludible whenever he receives information, however conveyed, that relief is required. *Waitsfield* v. *Craftsbury,* 87 Vt. 406, 408, 89 Atl. 466, Ann. Cas. 1916C, 387. It is his duty to provide for the immediate relief of all persons residing or found in the town when they fall into distress and stand in need of relief. *Walden* v. *Cabot, supra; Weston* v. *Wallingford,* 52 Vt. 630, 633.

■ Neither is it important that the overseer of the poor has not drawn any town orders, or paid out any money in his capacity as overseer for the care and support of James Learie, Sr.. The board and care and medical attendance of the latter has been paid in part out of a fund appropriated by the town of Hardwick "for free hospital beds in the Hardwick Hospital * * * * for the use of the inhabitants of the town of Hardwick that are entitled to assistance by reason of their indigent circumstances." The balance of the expense has remained upon an open account between the hospital and the town. As we have seen, the overseer agreed that the town would be responsible. The obligation rested upon it to afford

the necessary relief. This was sufficient to enable a recovery. *Cabot* v. *St. Johnsbury*, 94 Vt. 311, 316, 111 Atl. 454; *Ludlow* v. *Weathersfield*, 18 Vt. 39, 41.

*There was no error in the judgment below, and it is affirmed.*